RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -2 P 12: 37

U.S. DISTRICT COURT
DISTRICT OF MASS.

Lawrence Howard, Jr.,                  )
                                       )
        Plaintiff,                     )       CIVIL ACTION NO.
                                       )
vs.                                    )
                                       )
                                       )       04-11169 REK
American Overseas Marine               )
Corporation,                           )       MAGISTRATE JUDGE Cohen
                                       )
        Defendant.                     )

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### Jurisdiction

1.  Jurisdiction of Count I is conferred by 28 U.S.C. 1331, as this Count arises under the laws of the United States.

2.  Jurisdiction of Count II is conferred by pendent and/or supplemental jurisdiction pursuant to 28 U.S.C. 1367.

### Parties

3.  The Plaintiff, Lawrence Howard, Jr. ("Howard"), is a citizen of the Commonwealth of Massachusetts, Suffolk County.

4.  The Defendant, American Overseas Marine Corporation ("AMSEA"), is a for-profit Delaware corporation with a principal place of business in Quincy, Massachusetts.

### Factual Allegations

5.  Howard is an African-American male.

6.    In or around January, 2003, Howard commenced employment with AMSEA as Chief
      Cook aboard the Motor Vessel William R. Button ("M/V Button"), a ship owned and
      operated by AMSEA.

7.    Howard's job duties as Chief Cook included overall responsibility for meal preparation
      and sanitation in the M/V Button's kitchen or "galley."

8.    Howard's immediate supervisor on the M/V Button was the ship's Chief Steward.

9.    From the commencement of his employment on the M/V Button through approximately
      July 7, 2003, Howard worked under the supervision of Chief Steward George (LNU) and
      then his replacement, Robert Firth.

10.   Howard worked well with these two individuals, met or exceeded the legitimate
      performance expectations for his position, and was not subject to any type of disciplinary
      actions whatsoever under their supervision.

11.   In late June/early July, 2003, as Chief Steward Firth's rotation was due to expire while at
      sea, the M/V Button's Captain, Michael Mahoney, offered Howard the position of Chief
      Steward. Howard declined the offer.

12.   On or about July 7, 2003 Nancy Vaupel commenced employment on the M/V Button as
      Chief Steward. Vaupel is a Caucasian female.

13.   Howard worked closely with Vaupel during the first days of her employment,
      familiarizing her with the galley and its operation.

14.   After a staff meeting during this period, Howard proceeded to Vaupel's office and invited
      her to do a 'walk-through' of the galley. During this conversation, Vaupel stated to
      Howard that she was interested in a "private relationship" with him, and that "no one else

needs to know." Howard pretended not to hear her.

15.    Vaupel made similar advances towards Howard on numerous subsequent occasions. Howard responded by stating that he was not interested in such a relationship.

16.    Vaupel would additionally spend an inordinate amount of time in the galley when Howard was present.

17.    Shortly before Vaupel coming aboard the M/V Button, Avis Hawkins was hired as a Steward Assistant. Hawkins is an African-American female.

18.    Prior to Vaupel coming aboard the M/V Button, Hawkins worked well with the then Chief Steward, met or exceeded the legitimate performance expectations for her position, and was not subject to any type of disciplinary actions whatsoever during this period.

19.    From virtually the commencement of Vaupel's employment on the M/V Button, she began to treat Hawkins in a disparaging manner, far worse than her similarly-situated co-workers.

20.    Vaupel would micro-manage Hawkins' work, criticize and yell at Hawkins for no apparent reason.

21.    In or around early August, 2003 Howard met with the Captain Mahoney. Mahoney is/was Vaupel's immediate supervisor.

22.    Howard informed Mahoney of Vaupel's above stated inappropriate conduct towards him, and that she was creating a distraction by her constant presence in the galley. Mahoney stated to Howard that he would speak to Vaupel concerning her conduct.

23.    Vaupel's conduct subsided for approximately two weeks and then took on the form of retaliation.

24. On or about August 20, 2003 Vaupel falsely criticized Howard for failing to perform his job duties and complained (falsely) to the M/V Button's Bosun regarding the same.

25. That day, Howard again met with Mahoney, stated to Mahoney that Vaupel was retaliating against him because he would not enter into a romantic relationship with her, and that Vaupel was also retaliating against Hawkins.

26. Howard also informed Mahoney that Hawkins had complained to him that Vaupel was discriminating against her because of her race.

27. Mahoney dismissed Vaupel's conduct towards Hawkins as "two females in a spat," and otherwise failed to address Howard's complaints.

28. On or about September 14, 2003 Howard transmitted a memorandum to Vaupel (with a copy to Mahoney) concerning disparate treatment and discrimination towards Hawkins on account of her race, and disparate treatment toward Howard after Vaupel had witnessed him conversing with Hawkins. Howard also noticed in the memorandum that a Caucasian employee, Gregory Williams, had not been disciplined by Vaupel for numerous infractions.

29. Hawkins also made written complaints concerning discrimination she was experiencing from Vaupel.

30. On or about October 3, 2003, Mahoney discharged Howard "for cause" from the M/V Button.

31. The stated reason for the discharge, "disrespectful behavior towards to[sic] the Chief Steward, Nancy Vaupel, more than once" was completely false and a pretext for unlawful discrimination and retaliation.

32.   At all times relevant herein, Howard performed his job duties at least at an acceptable level, and otherwise met or exceeded the legitimate performance expectations for his position.

33.   The above acts and/or omissions of AMSEA and its authorized and apparent agents, have directly and proximately caused Howard to suffer lost income and diminished earning capacity, personal injury including emotional distress, and have otherwise damaged him.


COUNT I
Title VII Of the 1964 Federal Civil Rights Act, as Amended
42 U.S.C. 2000e, et seq.

34.   The Plaintiff adopts by reference all above allegations, and further alleges:

35.   All conditions precedent regarding this Count have been complied with.

36.   The above described acts of discrimination against Howard on the basis of sex had the purpose or effect of injuring him in the terms and conditions of his employment.

37.   The above described acts of discrimination had the purpose or effect of unreasonably interfering with Howard's work performance or creating an intimidating, hostile, or offensive working environment, and also constituted quid pro quo harassment.

38.   Howard was additionally subject to retaliation for opposing unlawful discrimination and/or for otherwise asserting rights under this section.

39.   Defendant's stated conduct was willful, malicious, in bad faith, outrageous, and/or extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Lawrence Howard, Jr., demands judgment against AMSEA in an amount reasonably calculated to adequately compensate him for his injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

## COUNT II
### Mass.G.L. c. 151B

40.  The Plaintiff adopts by reference all above allegations, and further alleges:

41.  All conditions precedent regarding this Count have been complied with.

42.  The above described acts of discrimination against Howard on the basis of sex had the purpose or effect of injuring Howard in the terms and conditions of his employment.

43.  The above described acts of discrimination had the purpose or effect of unreasonably interfering with Howard's work performance or creating an intimidating, hostile, or offensive working environment, and also constituted quid pro quo harassment.

44.  Howard was additionally subject to retaliation for opposing unlawful discrimination and/or for otherwise asserting rights under this section.

45.  Defendant's stated conduct was willful, malicious, in bad faith, outrageous, and/or extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Lawrence Howard, Jr., demands judgment against AMSEA in an amount reasonably calculated to adequately compensate him for his injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,
Lawrence Howard, Jr.
By his attorney,

Paul F. Wood, BBO No. 565195
Law Office of Paul F. Wood, P.C.
45 Bowdoin Street
Boston, MA 02114
(617) 532-2666

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) *Lawrence Hoffer* FILED IN CLERKS OFFICE
*V. American Overseas Shipping Corp.*

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)). 2004 JUN -2 P 12:37

U.S. DISTRICT COURT
DISTRICT OF MASS.

___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

_L_ II.   195, 368, 400, 440, (441-444, 540), 550, 555, 625, 710, 720, 730,
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       *Also complete AO 120 or AO 121
                                                                               for patent, trademark or copyright cases

___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,   **04 - 11169 REK**
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?                                                          YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)                             YES ☐    NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?                                               YES ☐    NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS
   (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).                              YES ☐    NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? -
   (SEE LOCAL RULE 40.1(D)).                                                   YES ☐    NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF
   THE DISTRICT?                                                               YES ☐    NO ☒
   (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?_____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? [BOSTON]

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION; YES ☐ NO ☐        OR WESTERN SECTION; YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME_____ **Law Office of Paul F. Wood P.C.**
ADDRESS_____ **45 Bowdoin Street**
                          **Boston, Massachusetts 02114**
TELEPHONE NO._____
(Categfrm.rev - 3/97)        *617-532-2666*

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

LAWRENCE HOWARD, JR.

*IN CLERKS OFFICE*
*2004 JUN -2 P 12:3*
*DISTRICT COURT*
*DISTRICT OF MASS.*

**DEFENDANTS**

AMERICAN OVERSEAS MARINE CORP.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
PAUL F. WOOD
LAW OFFICE OF PAUL F. WOOD, P.C.
45 BOWDOIN ST.
BOSTON, MA 02114 (617) 532-2666

ATTORNEYS (IF KNOWN)

04-11169 REK

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS — Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC 2000e, et seq., employment discrimination

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS **A CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
6/2/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____