UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.....................................

LAWRENCE HOWARD, JR.,

             Plaintiff,            CIVIL ACTION NO. 04-11169(REK)

v.

AMERICAN OVERSEAS MARINE
CORPORATION,

             Defendant.

.....................................

### PARTIES' JOINT STATEMENT

Plaintiff Lawrence Howard, Jr. ("Plaintiff") and Defendant American Overseas Marine Corporation ("Defendant") (collectively, "the parties") file this joint statement pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D).

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff served his initial disclosures on September 27, 2004 and Defendant served its initial disclosures on October 12, 2004.

**I.      CASE SUMMARY**

    A.      Plaintiff's Summary

Plaintiff was employed by Defendant as Chief Cook aboard a ship owned and operated by Defendant. During his employment, he was subjected to unwanted and offensive sexual harassment by his immediate supervisor, Chief Steward Nancy Vaupel. Vaupel additionally engaged in discriminatory conduct toward Steward Assistant Avis Hawkins. After complaining concerning Vaupel's above conduct to the ship's captain and others, Howard was terminated. The stated reasons for Howard's termination were false and a pretext for unlawful discrimination

and retaliation. Howard has suffered damages in the form of lost back pay, front pay, and emotional distress. Howard also claims punitive damages.

    B.    <u>Defendant's Summary</u>

On October 1, 2003, Plaintiff initiated an altercation with Vaupel in the ship's kitchen and assaulted her. As a result of the incident and his previous disrespectful behavior toward Vaupel, Plaintiff was terminated on October 3, 2003. At no point was Plaintiff subjected to sexual harassment as claimed. His discharge was for cause, not retaliation or any other prohibited motivation.

## II.    JOINT DISCOVERY PLAN

The parties anticipate discovery relating to the terms, conditions and cessation of Plaintiff's employment with Defendant, as well as the basis for Plaintiff's claims. Counsel are in agreement that the issues in this case are sufficiently limited and focused that phased discovery is inappropriate.

Counsel have been unable to agree on a pretrial schedule and set forth their respective positions as follows:

    (a)    <u>Fact discovery</u>

<u>Defendant</u>: Defendant proposes that all fact discovery, including depositions and written discovery, be completed no later than July 8, 2005. Defendant proposes July 8, 2004 as a deadline to assure that enough time is available to conduct discovery given that many individuals who have knowledge about the case are located at sea on Defendant's vessels or in different states and as far away as Siam and Thailand.

Defendant seeks the right to take Plaintiff's deposition for longer than the one day contemplated in Rule 30(d)(2).

Plaintiff: Plaintiff proposes that all fact discovery, including depositions and written discovery, be completed no later than March 1, 2005.

Plaintiff opposes Defendant's request to take Plaintiff's deposition for longer than the one day as set forth in Rule 30(d)(2) as premature.

(b) Expert Discovery

Counsel are in agreement that expert discovery be conducted after fact discovery has ended, but each disagrees on applicable deadlines for expert discovery as a result of their disagreement over when fact discovery should conclude. Counsel agree that Plaintiff's expert disclosures be served on the date that fact discovery concludes, and that Defendant's expert disclosures should be served thirty days later. Counsel also agree that expert discovery should be completed no later than sixty days from the conclusion of fact discovery.

Defendant's deadlines

July 8, 2005 - Plaintiff's expert disclosures served

August 8, 2005 - Defendant's expert disclosures served

September 8, 2005 - Expert discovery completed

Plaintiff's deadlines

March 1, 2005 - Plaintiff's expert disclosures served

April 1, 2005 - Defendant's expert disclosures served

May 2, 2005 - Expert discovery completed

III. **MOTION SCHEDULE**.

Counsel agree that dispositive motions shall be filed no more than thirty days after the close of expert discovery. However, counsel disagree as to the relevant date due to their disagreement over the original dates for the conclusion of fact discovery.

Defendant's deadline

October 7, 2005 - all dispositive motions filed

Plaintiff's deadline

June 1, 2005 - all dispositive motions filed

Counsel agree that oppositions shall be filed twenty-one days after the due date for dispositive motions.

IV. **LOCAL RULE 16.1(D)(3) CERTIFICATIONS**.

Plaintiff has already filed his certification. Defendant's certification is filed herewith.

Respectfully submitted,

| ATTORNEYS FOR DEFENDANT | ATTORNEYS FOR PLAINTIFF |
|---|---|
| James W. Bucking (BBO#558800)<br>Scott C. Merrill (BBO#631008)<br>Foley Hoag LLP<br>155 Seaport Boulevard<br>Boston, MA 02210<br>617-832-1000 | Paul F. Wood, (BBO#565195)<br>Law Office of Paul F. Wood, P.C.<br>45 Bowdoin Street<br>Boston, MA 02114<br>617-532-2666 |

Dated: October 29, 2004