UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.....................................
                                          .
LAWRENCE HOWARD, JR.,                     .
                                          .
                Plaintiff,              .   CIVIL ACTION NO. 04-11169(REK)
                                          .
        v.                              .
                                          .
AMERICAN OVERSEAS MARINE                  .
CORPORATION,                              .
                                          .
                Defendant.              .
.....................................

AMENDED ANSWER

In answer to plaintiff's Complaint and Demand for Trial by Jury ("Complaint"), defendant American Overseas Marine Corporation states:

FIRST DEFENSE

1.     Defendant states that the allegations of paragraph 1 are merely an introductory legal assertion describing the jurisdictional nature of the action, and therefore no response is required.  To the extent a response is required, defendant denies the allegations of paragraph 1.

2.     Defendant states that the allegations of paragraph 2 are merely an introductory legal assertion describing the jurisdictional nature of the action, and therefore no response is required.  To the extent a response is required, defendant denies the allegations of paragraph 2.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4.     Defendant admits the allegations of paragraph 4.

5.     Defendant admits the allegations of paragraph 5.

6. Defendant admits the allegations of paragraph 6, except denies that it owned the ship.

7. Defendant admits the allegations of paragraph 7.

8. Defendant states that because the term "immediate supervisor" is undefined, it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Defendant admits the allegations contained in paragraph 9.

10. Defendant admits that plaintiff met performance expectations during the referenced time period, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10.

11. Defendant admits the allegations of paragraph 11.

12. Defendant admits the allegations contained in paragraph 12 with the exception of the July 7, 2003 date, which should be July 8, 2003.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant admits the allegations of paragraph 17.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant admits the allegations of paragraph 21 with the exception of the "early August, 2003" date, which should be August 20, 2003.

22. Defendant admits that the plaintiff claimed that Vaupel was in the galley too much and that it was interfering with his work, but otherwise denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant admits the allegations of paragraph 28, except as to the content of the memorandum, which speaks for itself.

29. Defendant denies the allegations of paragraph 29.

30. Defendant admits the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

Defendant denies that plaintiff is entitled to the relief requested in the unnumbered paragraph between paragraphs 39 and 40.

40. Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

Defendant denies that plaintiff is entitled to the relief requested in the unnumbered paragraph following paragraph 45.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## FIFTH DEFENSE

Defendant's actions, if any, were taken in good faith and for legitimate business reasons.

## SIXTH DEFENSE

Plaintiff has waived and/or released his claims against defendant.

SEVENTH DEFENSE

Defendant' actions, if any, were not the proximate cause of any injury suffered by plaintiff.

EIGHTH DEFENSE

Plaintiff is estopped by his own actions from asserting his claims.

NINTH DEFENSE

If plaintiff was discharged, his discharge was for cause.

TENTH DEFENSE

Plaintiff has failed to fulfill his obligation to mitigate damages, and consequently is barred from any recovery hereunder.

ELEVENTH DEFENSE

Plaintiff's claims under M.G.L. Chapter 151B fail to state a cognizable claim.

TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

FOURTEENTH DEFENSE

Plaintiff is barred from being reinstated, recovering back pay or recovering front pay because of his threats to a Union representative aboard Defendant's vessel.

WHEREFORE, the defendant prays that this honorable Court dismiss the Complaint and award it costs and attorneys' fees.

        **American Overseas Marine Corporation**

        By its attorneys:

        *S/ James Bucking*
        James W. Bucking
        BBO #558800
        Scott C. Merrill
        BBO #631008
        Foley Hoag LLP
        155 Seaport Boulevard
        Boston, MA 02210
        (617) 832-1000

Dated: February 3, 2005