UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.................................

LAWRENCE HOWARD, JR.,

                Plaintiff,                CIVIL ACTION NO. 04-11169(REK)

       v.

AMERICAN OVERSEAS MARINE
CORPORATION,

                Defendant.

.................................

## DEFENDANT AMERICAN OVERSEAS MARINE CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND ANSWER

### Background

On June 6, 2004, Lawrence Howard, Jr. ("Howard") filed his Complaint and Demand for Trial by Jury ("Complaint"). American Overseas Marine Corporation ("AMSEA") timely filed its Answer to the Complaint on August 10, 2004. In addition to answering Howard's specific allegations, AMSEA asserted thirteen affirmative defenses. AMSEA now moves to amend its Answer to assert an additional affirmative defense. AMSEA's proposed Fourteenth Defense states, "Plaintiff is barred from being reinstated, recovering back pay or recovering front pay because of his threats to a Union representative aboard Defendant's vessel." The grounds for AMSEA's motion are set forth below.

**Argument**

I.  **AMSEA SEEKS TO ASSERT ITS PROPOSED FOURTEENTH DEFENSE TO IDENTIFY AN ISSUE BEFORE THE COURT AND TO GIVE SPECIFIC NOTICE TO HOWARD OF ITS POSITION**

AMSEA moves to assert its proposed Fourteenth Defense to identify to the Court an issue that has been identified as the result of information obtained early in discovery. Specifically, evidence acquired by AMSEA demonstrates that Howard threatened serious bodily harm to a Union representative, Steve Ruiz, who came aboard Defendant's vessel on October 3, 2003. AMSEA also seeks to assert its proposed Fourteenth Defense to give Howard full and early notice of its position and to specifically identify Howard's threat as an issue that is relevant to this litigation.

II.  **NONE OF THE REASONS TO DENY A MOTION TO AMEND IS PRESENT HERE**

Fed. R. Civ. P. 15 provides that leave to amend pleadings "shall be given freely when justice so requires." In this case, AMSEA is raising a viable defense very early in this litigation causing no prejudice to Howard. Although initial written discovery has occurred, no depositions have been taken by either party, and over five months of discovery remain. As such, AMSEA's request should be granted.

None of the reasons to deny a motion to amend -- including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies through prior amendments, undue prejudice to the opposing party, or futility of the amendment -- is present here. Foman v. Davis, 371 U.S. 178, 182-83 (1962); Executive Leasing Corp. v. Banco Popular de Puerto Rico, 48 F.3d 66, 71 (1st Cir. 1995). Thus, there is no justification for denying AMSEA's motion.

A.     AMSEA Has Not Delayed in Bringing This Motion.

AMSEA brings its motion in a timely fashion and without "undue delay." Indeed, the parties have only recently completed the exchange of their first document and interrogatory responses, some of which are still being supplemented, and fact discovery is not set to expire until July 8, 2005. Moreover, information that led to AMSEA's raising this defense was not made available to AMSEA until the end of November 2004 in documents that had been subpoenaed from the Seafarers International Union. Immediately after those documents were reviewed by AMSEA and produced to Howard, AMSEA unsuccessfully sought Howard's assent to amend its answer, on January 12, 2005. Thus, AMSEA now seeks leave from the Court to amend its Answer. Accordingly, AMSEA's motion is raised in a timely fashion and without "undue delay."

B.     AMSEA Moves to Amend its Answer to Assert a Meritorious Affirmative Defense, and Not For Any Improper Purpose.

The proposed amendment is intended to raise a valid affirmative defense and is not brought for any bad faith purpose. See McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 362 (1995) (after-acquired evidence of wrongdoing may be asserted to preclude the plaintiff's ability to obtain front pay, reinstatement or back pay.)

C.     AMSEA Has Not Failed to Cure the Current "Deficiency" in its Answer Through Prior Amendments.

AMSEA has not failed to assert the proposed affirmative defense in previous amendments to its Answer. Indeed, this is the first time that AMSEA has sought to amend its Answer.

D.   Allowance of the Motion Would Not Unfairly Prejudice Howard.

Howard would not be prejudiced by AMSEA's assertion of an additional affirmative defense at this early stage of the litigation. The parties have only recently served their initial interrogatory and document responses, and have not yet noticed any depositions. Moreover, documents concerning the affirmative defense have already been produced to Howard. Therefore, there is no prejudice to Howard by allowing AMSEA's motion because he will have the full opportunity to explore any facts related to the affirmative defense during the course of discovery between now and July 8, 2005, and still further time to explore the legal principles involved prior to trial (scheduled for January 2006).

E.   AMSEA's Affirmative Defense is Not Futile.

Futility of the amendment, the final ground for denial under Foman, is also not present here because the applicability of the after-acquired evidence rule as a defense in employment discrimination litigation was settled by the Supreme Court in McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 362 (1995). According to McKennon, evidence of wrongdoing that is learned after the termination, if such wrongdoing would have led to termination by the employer, may preclude the plaintiff's ability to obtain front pay or reinstatement, as well as back pay. Id. at 361-62. AMSEA's proposed affirmative defense is thus, at a minimum, viable.

Under these circumstances, where the defendant wishes to amend its answer in a timely fashion in order to assert a meritorious affirmative defense, the motion to amend should be allowed. See generally Corey v. Look, 641 F.2d 32, 38 (1st Cir. 1981) (Fed. R. Civ. P. is a "liberal rule favoring amendment"); Abrazinski v. Dubois, 876 F.Supp. 313, 321 (D.Mass. 1995) ("Rule 15 outlines a very liberal policy of allowing amendment. A trial court should generally

not deny a request to amend, even at the summary judgment stage, unless the court finds that there was bad faith, undue delay or prejudice").

## Conclusion

For all of the foregoing reasons, AMSEA's motion to amend its answer to assert an additional affirmative defense against Howard should be granted.

**American Overseas Marine Corporation**

By its attorneys:

/s/ Scott C. Merrill
James W. Bucking
BBO #558800
Scott C. Merrill
BBO #631008
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: February 3, 2005