UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.................................

LAWRENCE HOWARD, JR.,

              Plaintiff,            CIVIL ACTION NO. 04-11169(REK)

      v.

AMERICAN OVERSEAS MARINE
CORPORATION,

              Defendant.

.................................

## DEFENDANT AMERICAN OVERSEAS MARINE CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND ANSWER

### Background

On June 6, 2004, Lawrence Howard, Jr. ("Howard") filed his Complaint and Demand for Trial by Jury ("Complaint"). American Overseas Marine Corporation ("AMSEA") timely filed its Answer to the Complaint on August 10, 2004. In addition to answering Howard's specific allegations, AMSEA asserted thirteen defenses. On March 28, 2005, this Court granted AMSEA's unopposed Motion to Amend its Answer by adding a fourteenth defense. AMSEA now moves to amend its Answer a second time to assert an additional defense. AMSEA's proposed Fifteenth Defense states, "Plaintiff's retaliation claims are preempted by the National Labor Relations Act." The grounds for AMSEA's motion are set forth below.

**Argument**

I. **AMSEA SEEKS TO ASSERT ITS PROPOSED FIFTEENTH DEFENSE TO IDENTIFY AN ISSUE BEFORE THE COURT AND TO GIVE SPECIFIC NOTICE TO HOWARD OF ITS POSITION**

AMSEA moves to assert its proposed Fifteenth Defense to identify to the Court an issue that has been identified as the result of information obtained by AMSEA through investigation of Howard's claims. Specifically, AMSEA acquired evidence that further supports the conclusion that Howard's advocacy on behalf of Avis Hawkins was arguably protected, concerted activity under the National Labor Relations Act ("NLRA"), such that his asserted termination in retaliation for that activity was arguably prohibited by the NLRA. AMSEA also seeks to assert its proposed Fifteenth Defense to give Howard full and sufficient notice of its position and to specifically identify an issue that is relevant to this litigation.

II. **NONE OF THE REASONS TO DENY A MOTION TO AMEND IS PRESENT HERE**

Fed. R. Civ. P. 15 provides that leave to amend pleadings "shall be given freely when justice so requires." In this case, AMSEA is raising a viable defense sufficiently early in this litigation, causing no prejudice to Howard. Although initial written discovery has occurred, no depositions have been taken by either party, and over two months of discovery remain. As such, AMSEA's request should be granted.

None of the reasons to deny a motion to amend -- including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies through prior amendments, undue prejudice to the opposing party, or futility of the amendment -- is present here. Foman v. Davis, 371 U.S. 178, 182-83 (1962); Executive Leasing Corp. v. Banco Popular de Puerto Rico, 48 F.3d 66, 71 (1st Cir. 1995). Thus, there is no justification for denying AMSEA's motion.

A.   **AMSEA Has Not Delayed in Bringing This Motion.**

AMSEA brings its motion in a timely fashion and without "undue delay." Indeed, the parties have been engaged in the exchange of document and interrogatory responses, some of which are still being supplemented, and fact discovery is not set to expire until July 8, 2005. Moreover, information that led to AMSEA's raising this defense was not made available to AMSEA until just recently through a conversation with a witness. AMSEA attempted to reach Howard on April 27, 2005 to seek his assent to amend its Answer, and was informed on May 4, 2005 that no such assent would be provided. Thus, AMSEA now seeks leave from the Court to amend its Answer. Accordingly, AMSEA's motion is raised in a timely fashion and without "undue delay."

B.   **AMSEA Moves to Amend its Answer to Assert a Meritorious Defense, and Not For Any Improper Purpose.**

The proposed amendment is intended to raise a valid defense and is not brought for any bad faith purpose. See San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236 (1995) (the NLRA preempts claims brought in state or federal court that involve conduct which is "arguably" protected by or "arguably" prohibited by the NLRA.)

C.   **AMSEA Has Not Failed to Cure the Current "Deficiency" in its Answer Through Prior Amendments.**

AMSEA has not failed to assert the proposed defense in previous amendments to its Answer.

D.   **Allowance of the Motion Would Not Unfairly Prejudice Howard.**

Howard would not be prejudiced by AMSEA's assertion of an additional defense at this stage of the litigation. The parties are currently engaged in written discovery, and have not yet

held any depositions. Therefore, there is no prejudice to Howard by allowing AMSEA's motion because he will have the full opportunity to explore any facts related to the defense during the course of discovery between now and July 8, 2005, and still further time to explore the legal principles involved prior to trial (scheduled for January 2006).

   E.   AMSEA's Defense is Not Futile.

Futility of the amendment, the final ground for denial under Foman, is also not present here because of the applicability of preemption where claims are raised in state or federal court that involve conduct which is "arguably" protected by or "arguably" prohibited by the NLRA. San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 244-45 (1995). In such cases, those claims will be preempted by the NLRA because of the primary jurisdiction retained by the National Labor Relations Board. Id. AMSEA's proposed defense is thus, at a minimum, viable.

Under these circumstances, where the defendant wishes to amend its answer in a timely fashion in order to assert a meritorious defense, the motion to amend should be allowed. See generally Corey v. Look, 641 F.2d 32, 38 (1st Cir. 1981) (Fed. R. Civ. P. is a "liberal rule favoring amendment"); Abrazinski v. Dubois, 876 F.Supp. 313, 321 (D.Mass. 1995) ("Rule 15 outlines a very liberal policy of allowing amendment. A trial court should generally not deny a request to amend, even at the summary judgment stage, unless the court finds that there was bad faith, undue delay or prejudice").

## Conclusion

For all of the foregoing reasons, AMSEA's motion to amend its answer to assert an additional defense against Howard should be granted.

- 5 -

**American Overseas Marine Corporation**

By its attorneys:


/S/ James W. Bucking
James W. Bucking
BBO #558800
Scott C. Merrill
BBO #631008
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: May 6, 2005

B3028123.1                                  - 5 -