UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Lawrence Howard, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 04-11169 REK |
| vs. | ) | |
| | ) | |
| American Overseas Marine | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Now comes the Plaintiff, Lawrence Howard, Jr. ("Howard"), by his attorney, and pursuant to Fed.R.Civ.P. 26(c) respectfully moves for a Protective Order prohibiting the Defendant and its counsel from inquiring and otherwise seeking deposition testimony and other discovery from the Plaintiff concerning his prior administrative action against the National Railroad Passenger Corporation ("Amtrak").

As good cause for the allowance of the within motion, Plaintiff respectfully submits that: (1) Plaintiff is precluded from disclosing his prior claim against Amtrak, the resolution of the said claim, and the factual circumstances giving rise to the said claim; and (2) his eleven year old race discrimination action is wholly irrelevant to the present action and any inquiry into the same is not reasonably calculated to lead to the discovery of admissible evidence.

In further support of the within action, Plaintiff respectfully submits that:

1. Plaintiff filed the within action against Defendant on June 2, 2004.

2. Plaintiff, chief cook on a vessel owned and operated by Defendant, claims that he

1

      was subject to discrimination and harassment on the basis of sex, and also retaliation for reporting the same and also for reporting allegations of racial discrimination made by a subordinate of the Plaintiff. See, <u>Complaint and Demand for Trial by Jury</u>, generally.

3. In or around 1994 Plaintiff filed a claim at the Massachusetts Commission Against Discrimination for discrimination on the basis of race against Amtrak, his former employer.

4. All such matters involving the Plaintiff and Amtrak have been resolved to the satisfaction of both parties. Included in this resolution are strict confidentiality provisions concerning, *inter alia*, the terms of the agreement, Plaintiff's claims against Amtrak, and the factual circumstances giving rise to the said claims.

5. If the Court deems it necessary, Plaintiff will produce a copy of the agreement concerning the resolution of Plaintiff's claims for an *in camera*, inspection by the Court, outside the presence of Defendant and its counsel.

6. On or about May 25, 2005, Plaintiff's deposition was taken at the offices of Defendant's counsel.

7. In response to questions concerning Plaintiff's claim against Amtrak, undersigned counsel instructed Plaintiff not to answer concerning his claim against Amtrak, the resolution of the said claim and the factual circumstances giving rise to the said claim.

8. Undersigned counsel permitted the Plaintiff to answer questions concerning his employment with Amtrak not related to his claim, but counsel for the Defendant

opted not to do so.

9. At the end of the day, counsel for Defendant terminated the deposition, reserving his rights only concerning the areas where undersigned counsel had instructed the Plaintiff not to answer questions concerning his Amtrak claim.

10. As set forth above, Plaintiff is precluded from disclosing information concerning his Amtrak claim and it was therefore proper for undersigned counsel to instruct him not to answer questions concerning the same at his deposition.

11. In any event, questions about the Plaintiff's eleven year old claim are wholly irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. See Malloy v. Wang Laboratories, Inc., 95 F.R.D. 488, 490-491 (D.Mass. 1982, Alexander, M.J.) (defendant precluded from inquiring into prior MCAD claims brought by Plaintiff in employment discrimination matter at deposition because of absence of any showing of relevance).

12. As an initial matter, the prior Amtrak claim has no temporal relevance as it was brought approximately eleven years ago.

13. In addition, Defendant has made no showing whatsoever of any possible relevance to the within action, which is not a racial discrimination case but one of sexual harassment and discrimination. The race aspect only concerns a documented claim of racial discrimination made by another person.

14. Any attempt by Defendant to somehow portray the Plaintiff as litigious because of one other eleven year old case defies credibility and any conceivable probative value (which Plaintiff does not concede) would be far far outweighed by its

prejudicial effect.

15. As succinctly put forth by Magistrate Alexander in <u>Malloy</u>, "This is a fishing expedition into irrelevant waters." <u>Id</u>., at 490.

WHEREFORE, for the foregoing reasons the Plaintiff, Lawrence Howard, Jr., respectfully requests that the Court issue an Order:

1. Precluding Defendant and its counsel from continuing Plaintiff's deposition for the purpose of inquiring into Plaintiff's prior claim against Amtrak, the resolution of the said claim, and the circumstances giving rise to the said claims; and

2. Taking any other action which the Court deems just and proper.

        Respectfully submitted,
        Lawrence Howard, Jr.
        By his attorney,

        /s/Paul F. Wood_____
        Paul F. Wood, BBO No. 565195
        Law Office of Paul F. Wood, P.C.
        45 Bowdoin Street
        Boston, MA 02114
        (617) 532-2666

LOCAL RULE 37.1 AND 7.1 CERTIFICATION

     I, Paul F. Wood, counsel for the Plaintiff, hereby certify that on June 8 and 9, 2005 I conferred with counsel for the Defendant in a good faith attempt to narrow or resolve the issues raised in the within motion, but that the said attempt was unsuccessful in whole or in part.

/s/Paul F. Wood_____
Paul F. Wood