## CONFIDENTIALITY AGREEMENT

1. Defendant American Overseas Marine Corporation ("Defendant") and Lawrence Howard, Jr. ("Plaintiff"), collectively "the parties", hereby agree that either party may produce documents or portions of documents stamped "Confidential" ("the Confidential Documents"), where the producing party has reasonable grounds to believe and in good faith does believe that such documents are confidential. In the case of testimony upon deposition, such "Confidential" designation shall be made upon appropriate portions of the transcript within ten (10) days after the transcript of such deposition is available.

2. The Confidential Documents will be used by the receiving party solely in connection with the case of <u>Lawrence Howard, Jr. v. American Overseas Marine Corporation</u> pending before the United States District Court ("Court"), docket number 04-11169(REK), or related litigation. Except as authorized in Paragraph 3, only the receiving party's counsel, clerical or other support staff or services of such counsel, other persons rendering legal services for the receiving party, and any person who is given the producing party's consent, will have access to the Confidential Documents, each of whom must first agree not to disclose the Confidential Documents to any other person except as provided herein.

3. Except as authorized in Paragraph 2, the Confidential Documents will not be revealed by the receiving party to anyone other than the Court, the receiving party's counsel, stenographers, court reporters or other personnel in the performance of their duties, experts retained by the parties, or other material witnesses. Experts or other material witnesses will be shown a copy of this Agreement and must agree to be bound by its terms in order to have access to the Confidential Documents, and will not divulge their contents to anyone who is not authorized to view the Confidential Documents.

4. At the conclusion of the case, and pursuant to a written request by either party, all Confidential Documents and all copies thereof shall be returned to the producing party, unless previously permanently discarded, provided that either party may retain work product, copies of court filings, and official transcripts and exhibits, provided that all such retained materials will continue to be treated in accordance with the terms of this Agreement.

5. Changes in the terms of this Agreement will be made only by mutual consent of Plaintiff and Defendant in writing, or upon order of the Court. The Court will resolve any disputes arising under this Agreement, including without limitation, the propriety of designating certain documents as Confidential Documents.

6. Neither party shall be obligated to challenge the propriety of the designation of any documents as "Confidential," and its failure to do so shall not preclude a subsequent challenge to the propriety of such designation. If either party disagrees with any such designation, then the parties shall first try to resolve such dispute on an informal basis. If the dispute cannot be so resolved, it shall be resolved by the Court.

7. Nothing herein shall affect the right of either party to move for the admission in evidence of any documents designated "Confidential," subject to providing the producing party reasonable notice in order to afford it an opportunity to protect the confidentiality of such documents.

8. The provisions of this Agreement shall not apply to any documents obtained or possessed by any person otherwise than by virtue of pretrial discovery herein, whether or not such documents are also contained in discovery materials designated by a party as "Confidential." If a person obtained such documents by independent means, the fact that such

documents were also produced in discovery and designated "Confidential" shall not operate to bring the independently obtained documents within the scope of this Agreement.

9. If the producing party uses documents designated "Confidential" freely for purposes of this litigation, it cannot require the other party to use such materials only in accordance with this Agreement.


**LAWRENCE HOWARD, JR.**

By: _____
      Paul F. Wood, Esq.

Dated: __11-18-04__


**AMERICAN OVERSEAS MARINE CORPORATION**

By: _____
      James W. Bucking, Esq.

Dated: __11/22/04__