UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.....................................
                                                    .
LAWRENCE HOWARD, JR.,                               .
                                                    .
                    Plaintiff,                      .   CIVIL ACTION NO. 04-11169(REK)
                                                    .
          v.                                        .
                                                    .
AMERICAN OVERSEAS MARINE                            .
CORPORATION,                                        .
                                                    .
                    Defendant.                      .
.....................................

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant American Overseas Marine Corporation ("AMSEA") hereby moves pursuant to Local Rule 56.1 and Fed. R. Civ. P. 56, that this Court enter summary judgment in its favor and against plaintiff Lawrence Howard, Jr. ("Howard"), on all counts of the Complaint. There are no material facts in dispute, and AMSEA is entitled to judgment as a matter of law, as discussed in detail in AMSEA's Memorandum of Law filed herewith. The Title VII claims set forth in Count I of the Complaint include allegations of hostile environment sexual harassment, *quid pro quo* sexual harassment, and retaliation. Howard's retaliation claim is preempted by the NLRA, and alternatively, fails as a matter of law because Howard has no evidence that he was subjected to an adverse employment action as required for him to establish a *prima facie* case. Howard's hostile environment sexual harassment claim fails as a matter of law because he is unable to establish that the allegedly harassing conduct was objectively and subjectively hostile and abusive as required to prove his case. Nor does Howard have evidence that his reaction to the alleged conduct affected the terms and conditions of his employment, a required element of his *quid pro quo* case. For the same reasons, the claims under M.G.L. c. 151B set forth in Count

B3108413.1

II of Howard's complaint -- also including hostile environment sexual harassment, *quid pro quo* harassment and retaliation -- should be dismissed. In addition, Howard's c. 151B sexual harassment claims in Count II also fail because Massachusetts law does not apply to the conduct here, which occurred either in Florida, on the high seas, or in foreign ports.

In support of this motion, AMSEA files herewith a Statement of Undisputed Material Facts, a Memorandum of Law, the Affidavit of Richard Williamson, pleadings, and deposition testimony and exhibits.

### Request for Hearing

AMSEA respectfully requests a hearing on its motion.

                                                **American Overseas Marine Corporation**
By its attorneys,

/S/ James W. Bucking
James W. Bucking, BBO #558800
Scott C. Merrill, BBO #631008
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
Dated: October 14, 2005    (617) 832-1000

B3108413.1                                    - 2 -

## Local Rule 7.1(A)(2) Certification

Pursuant to Local Rule 7.1(A)(2), AMSEA certifies that it has conferred with counsel for plaintiff Lawrence Howard concerning AMSEA's motion.

/S/Scott C. Merrill

Scott C. Merrill, Esq.