UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAWRENCE HOWARD, JR.,

        Plaintiff,

v.

AMERICAN OVERSEAS MARINE
CORPORATION,

        Defendant.

CIVIL ACTION NO. 04-11169(REK)

## AFFIDAVIT OF RICHARD WILLIAMSON

I, Richard Williamson, having personal knowledge of the following, hereby depose and state as follows:

1.    I have been employed by the American Overseas Marine Corporation ("AMSEA") as the Manager of Marine Personnel and Labor Relations since 1999. On October 1, 2003, I was informed by Captain Michael Mahoney that Chief Steward Nancy Vaupel had reported an incident to him on board the Motor Vessel Button ("Button") during which she was assaulted by Chief Cook Lawrence Howard.

2.    As a result of this incident, Howard was terminated from AMSEA "for cause" on October 3, 2003. In addition, on October 17, 2003, I filed Seafarers Appeals Board ("SAB") charges against Howard with the Seafarers International Union ("SIU"). A true and accurate copy of my SAB charge is attached hereto at Tab A. SAB disciplinary charges may be brought under the Union's shipping rules for assault of a crew member. Union members who are found guilty of SAB charges can be permanently suspended from shipping, rendering them unable to

B3106903.1

obtain employment through SIU or with any shipping company that is a signatory to an SIU contract.

3.	I later learned that SIU Representative Steve Ruiz filed separate SAB charges against Howard on October 27, 2003 as a result of Howard's threat to cut Ruiz's throat with his razor blade. A true and accurate copy of Ruiz's SAB charge is attached hereto at Tab B.

4.	On October 28, 2003, SIU filed a grievance that challenged Howard's termination as "unjust." A true and accurate copy of the SIU grievance is attached hereto at Tab C. AMSEA, Howard and SIU resolved the grievance in a settlement agreement ("Agreement") signed by all three parties on November 10, 2003. A true and accurate copy of the Agreement is attached hereto at Tab D.

5.	Howard obtained several benefits from the Agreement. First, the SAB charges that I filed against Howard were withdrawn. Also, Ruiz withdrew his SAB charges against Howard. A true and accurate copy of Ruiz's SAB withdrawal letter is attached hereto at Tab E. As a result, Howard never faced SAB proceedings and was not permanently suspended from shipping work. Second, AMSEA paid for Howard's transportation from Florida to Boston. In the absence of the Agreement, AMSEA would not be required to do so. Section 25 (Transportation) of the collective bargaining agreement that governed Howard states: "[t]he cash equivalent of economy class air transportation. . .shall be paid to each crew member between his home. . .and the vessel except when a crew member leaves by reason of 'mutual consent' or is 'discharged for cause'." A true and accurate copy of Section 25 of the collective bargaining agreement is attached hereto as Tab F. Third, Howard's termination was changed from a "for cause" termination to a discharge by "mutual consent." As a result of changing Howard's "for cause" termination to a discharge by "mutual consent," AMSEA never reported Howard's termination

to the Maritime Index Bureau ("MIB"), a pre-employment agency that maintains an employment record database that may be accessed by shipping companies that seek employment history information on a potential job applicant. In 2003, it was AMSEA's practice, and that of other shipping companies, to report "for cause" terminations to the MIB.

    Signed under the pains and penalties of perjury this 12th day of October, 2005.

*Richard Williamson* (signed)

Richard Williamson

# Exhibit A

**GENERAL DYNAMICS**
American Overseas Marine



Richard J. Williamson
Manager Marine Personnel and
Labor Relations

October 17, 2003

Mr. Augustin Tellez
Vice President
Seafarers International Union
5201 Auth Way
Camp Springs, MD 20746-4275

Dear Augie,

AMSEA requests that the SIU consider SAB disciplinary proceedings against Mr. Lawrence Howard, Jr., SSN: 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. Mr. Howard was employed as Chief Cook on the M/V Button from 04/14/03 – 10/03/03. He was discharged for cause on 10/03/03 in the port of Jacksonville, FL.

Mr. Lawrence was discharged for physical assault of the Chief Steward (hitting her twice on the arm) and for the extremely disrespectful behavior exhibited toward the Chief Steward prior to the assault.

It is AMSEA's opinion that Mr. Lawrence's behavior violated the following sections of Rule 8 - Discipline of the SIU Shipping Rules:

> (4.) "Physical Assault"
> (6.) "Gross Misconduct"
> (10.) "Any practice which creates a menace or nuisance to the health or safety of others."

Attached is Mr. Lawrence's Letter of Discharge and a statement by the Chief Steward regarding the incident.

It should also be noted that at the request of AMSEA, Mr. Steve Ruiz, SIU Union Representative out of Jacksonville, attended the Button on her 10/03/03 arrival in Jacksonville. Mr. Ruiz spent most of the day investigating the charges against Mr. Lawrence to ensure that he was fairly represented. Toward the end of the day an apparently frustrated Mr. Lawrence threatened Mr. Ruiz with physical harm by threatening to 'cut his throat'. Mr. Ruiz has indicated that he will be filing separate SAB charges against Mr. Lawrence for this incident.

116 East Howard Street
Quincy, MA 02169-8712
Tel 617 376-8445
Fax 617 770-4561
rwilliamson@amsea.com

General Dynamics Private Information

**GENERAL DYNAMICS**
American Overseas Marine

**Richard J. Williamson**
Manager Marine Personnel and
Labor Relations

AMSEA encourages the SAB to take full and appropriate disciplinary steps against this member.

Please contact me at your convenience if you require additional information.

Sincerely,

Rick Williamson
MPLR
AMSEA

Attached: Lawrence DFC Letter, Vaupel statement

Cc: Peter Lawrence, File, Lawrence Howard, Jr. (mailed to home address of 37 Mascot Street, Dorchester, MA 02124)

116 East Howard Street
Quincy, MA 02169-8712
Tel 617 376-8445
Fax 617 770-4561
rwilliamson@gdamsea.com

General Dynamics Private Information

MVB       00041

Exhibit B




**SEAFARERS INTERNATIONAL UNION**

AFFILIATED WITH THE SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA • AFL-CIO

ATLANTIC • GULF • LAKES AND INLAND WATERS DISTRICT

NATIONAL MARITIME UNION

3315 LIBERTY STREET • JACKSONVILLE, FLORIDA 32206 • (904) 353-0987



MICHAEL SACCO
PRESIDENT
JOHN FAY
EXECUTIVE VICE PRESIDENT
DAVID HEINDEL
SECRETARY-TREASURER
AUGUSTIN TELLEZ
VICE PRESIDENT
JOSEPH T. SORESI
VICE PRESIDENT
DEAN CORGEY
VICE PRESIDENT
NICHOLAS J. MARRONE
VICE PRESIDENT
TOM ORZECHOWSKI
VICE PRESIDENT
KERMETT MANGRAM
VICE PRESIDENT
RENÉ LIOEANJIE
VICE PRESIDENT AT LARGE
CHARLES STEWART
VICE PRESIDENT AT LARGE
JOHN SPADARO
UIW NATIONAL DIRECTOR

October 27, 2003

Seafarers Appeals Board
5201 Auth Way
Camp Springs, Maryland 20746

        RE: Lawrence Howard
        SS# 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

Gentlemen:

While servicing the William Button on October 3, 2003 and investigating beefs within the Steward Department I was confronted by Lawrence Howard, Chief Cook, in the crew's mess room while having a meeting with the Steward Delegate Carl Williams and Cook/Baker Gregory Williams.

This meeting was interrupted by Mr. Howard, who was lunging at me and trying to provoke me while, screaming and *shouting that he would like to get a blade and slit my throat or kill me* because he did not like the results of my investigation of his complaints.

The above was witnessed by again Carl Williams and Gregory Williams and a statement was signed by both of them (copy enclosed).

While still aboard the vessel I went up to the captain's office and informed the captain in front of Mr. Howard of his threats to me and requested that this be noted in his log.

Due to the above I am invoking Section 8A Charges against this member based on his actions and my belief that he is a hazard to the membership as well as myself.

Subsection (6)      Gross misconduct.

Subsection (8)      Neglect of duties and responsibilities.

Subsection (10)     Any act or practice which creates a menace or nuisance to the health or safety of others.

Fraternally,

*[signature]*
Steve Ruiz
Union Representative

Note ↓

## WELFARE, PENSION, VACATION, LUNDEBERG SCHOOL
RECORD ANY ACTIONS RAISED OR TAKEN CONCERNING THE PLANS BY CREWMEMBERS OR BOARDING SIU OFFICIALS. DESIGNATE WHAT PENSION AND HEALTH PLAN MATERIALS WERE LEFT ONBOARD.

\* quest AB \*REGS SAP A 6,8,10

Mr. L. Howard 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 came into messrm and stating he would put a blade around my neck because he did not like what I found on his beef. Gregory William W1512
Cal. J Williams WO-1373

## COMMENTS, DISPUTES, SAFETY ISSUES, REPAIRS, COMPLAINTS
LIST SEPARATELY AND RECORD ALL UNRESOLVED COMPLAINTS INCLUDING THOSE CONTAINED IN SHIPS MINUTES. RECORD ANY VOTING TALLIES.

A — only one letter on file
Q — Request any letters / SA Avis why no OT/OT pd.
Q\* must put E-mail address for membership to ask question of HQ — A Union is always looking @ way to answer questions

\* Held meeting with OC Lawrence Howard + Avis Hawkins SA - C. Williams SA Stew Dept Delegate Steward Nancy Vauqel - Bosun CANDO

\* Mrs A. Hawkins SA when to doctor was not on board to 12 10 PM after closing hall talk to her again on 10-4-03 she was not on board agn. She had to say quit the vessel. On meeting on 10-3-03 she said her letter was at Ck HQ records member got full BK but 600. unit still on M.D. on board the vessel all day talk to crew + capt

\* Crew very upset HQ Contract Dept not answering Crew Questions
Ck # JD M Paperwork

PORT AGENT          SIU 0018

# Exhibit C

# BEEF REPORT

(Please Print)



MEMBER'S NAME: Lawrence Howard       DATE: 10/28/03

ADDRESS: 37 Mascot Street, Dorchester, Ma. 02124

PHONE # (617) 416-2722          SS # 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
        757-638-3406

BOOK #                           RATING: Chief/Cook

VESSEL: M/V Button

DATE ON: 4/12/03                 DATE OFF: 10/03/03

PORT OF PAYOFF: Jax              DATE OF PAYOFF: 10/3/03

NAMES OF PATROLMEN AT PAYOFF: Steve Ruiz

NAME OF DEPARTMENT DELEGATE: Calvin Williams

NAME OF SHIP'S DELEGATE:

NAME OF UNION REPRESENTATIVE
RECEIVING BEEF REPORT: Sam Spain

BEEF QUESTION: Unjust Termination and denial of Transportation

_____
SIGNATURE OF OFFICIAL

SIU 0073

# Exhibit D



Grievance Committee
115 3rd Street
Norfolk, VA. 23510

Pursuant to Article II, section 2. (Grievance Committee) a grievance committee is being held VIA phone conference between American Overseas Corporation (hereinafter "Company") and the Seafarers International Union (hereinafter "Union").

Present: Kermett Mangram for the Union and Richard Williamson for the Company.

A Grievance committee is being held to resolve the discharge of Chief Cook Lawrence Howard (SS#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), while employed onboard the M/V William Button, as per Article II, Section 2.

Union's Position: To resolve the discharge of the above named member and come to a just resolution.

Company's Position: Chief Cook Lawrence Howard (SS# 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) was fired for cause while employed onboard the M/V William Button on 10-03-03.

After reviewing the enclosed documents an due deliberation this committee has determined that the following will qualify as a fair and just resolution.

1. The Discharge shall be by reason for mutual consent.
2. The Company shall pay his transportation.
3. SAB charges shall be withdrawn.

All parties agree that the above settlement shall be final and binding on all parties and enforceable in any court of competent jurisdiction.

_Kermett J. Mangram_
Seafarers International Union

_[signature]_
American Overseas Corporation
Richard J Williamson  11/10/03
MPLR

_Lawrence Howard_
Lawrence Howard

Dated 11/10/03

_Samuel Spain_
Witness Samuel Spain

Exhibit E



AFFILIATED WITH THE SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA • AFL-CIO

# SEAFARERS INTERNATIONAL UNION
## ATLANTIC • GULF • LAKES AND INLAND WATERS DISTRICT
### NATIONAL MARITIME UNION

3315 LIBERTY STREET • JACKSONVILLE, FLORIDA 32206 • (904) 353-0987

MICHAEL SACCO
PRESIDENT
JOHN FAY
EXECUTIVE VICE PRESIDENT
DAVID HEINDEL
SECRETARY-TREASURER
AUGUSTIN TELLEZ
VICE PRESIDENT
JOSEPH T. SORESI
VICE PRESIDENT
DEAN CORGEY
VICE PRESIDENT
NICHOLAS J. MARRONE
VICE PRESIDENT
TOM ORZECHOWSKI
VICE PRESIDENT
KERMETT MANGRAM
VICE PRESIDENT
RENÉ LIOEANJIE
VICE PRESIDENT AT LARGE
CHARLES STEWART
VICE PRESIDENT AT LARGE
JOHN SPADARO
UIW NATIONAL DIRECTOR

August 18, 2004

Augie Tellez, Chairman
Seafarers Appeals Board
5201 Auth Way
Camp Springs, Maryland 20746

RE: Lawrence Howard
SS# 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

Dear Chairman;

At the request and advise of the area Vice President, Dean Corgey, I am withdrawing the SAB charges against Lawrence Howard since there was a SAB hearing already held and a resolution between the union and company was made.

Fraternally,

Steve Ruiz
Union Representative

Cc: Port of Jacksonville

SIU 0001

# Exhibit F



## AGREEMENT

MEMORANDUM OF UNDERSTANDING as of March 1, 1985 between AMERICAN OVERSEAS MARINE CORPORATION (herinafter "Company") and SEAFARERS INTERNATIONAL UNION ATLANTIC, GULF, LAKES AND INLAND WATERS DISTRICT, AFL-CIO (herinafter "Union").

WHEREAS, the Company expects to begin operating five American-flag Maritime Prepositioning Ships ("MPS"), which are hereinafter collectively referred to as "The Vessels", pursuant to operating agreements between the Company and respective affiliates pursuant to Time Charter Parties between such affiliates and the Department of the Navy, Military Sealift Command ("MSC"); and

WHEREAS, the Company is desirous of entering into a collective bargaining agreement pursuant to which unlicensed deck, engine and steward departments will be employed on The Vessel; and

WHEREAS, the parties are desirous of entering into a collective bargaining agreement which defines wages, hours, and working conditions of the aforementioned unlicensed personnel in such a fashion as to stabilize employment, insure efficient operation, eliminate strikes, picketing and lockouts, and provide an orderly means for the amicable adjustment of all disputes between the parties without interruption to the Company's operations.

- 1 -

Redacted

Section 23. Emergency Duties and Drills:

No extra compensation shall be allowed for participation in fire, lifeboat or other drills at any time or for any emergency work performed necessary for the safety of the vessel, crew or cargo, or the saving of life aboard other vessels in jeopardy. This shall not apply to annual inspection. It shall not be made a general practice to hold emergency drills exclusively on Saturdays, Sundays or Holidays in port or at sea.

Section 24. Crew's Quarters:

Clean bed linen will be provided weekly and in non-air conditioned vessels in the tropics, twice a week.

Section 25. Transportation:

(A) The cash equivalent of economy class air transportation (except if transportation by military aircraft is available) shall be paid to each crew member between his home (located in the Continental United States) and the vessel when joining and when leaving the vessel except when a crew member leaves by reason of "mutual consent" or is "discharged for cause".

In addition to the above, Unlicensed Personnel shall be reimbursed reasonable expenses incurred when initially joining a vessel.

(B) On vessels where Articles in excess of six (6) months are signed, Unlicensed Personnel who complete six (6) continuous months of employment on said Articles shall, upon their request

- 26 -

for a relief, be furnished transportation in accordance with (A) above. The provision is applicable without regard to the expiration date of said Article.

Section 26. Payoff Procedures:

Unlicensed Personnel who are dismissed or their employment terminated by the Company shall be paid all wages due them as follows:

(a) If the vessel arrives on or before noon and the crew member is dismissed or employment terminated by the Company that day, he shall be paid such wages on that date.

(b) If the vessel arrives after 12:00 noon, the crew member shall be paid such wages not later than 12:00 noon of the day following dismissal or termination of employment by the Company.

(c) If an Unlicensed crew member is dismissed or employment terminated by the Company while on Port Payroll, he shall be paid on the day of dismissal.

If the above is not complied with, a crew member shall receive wages (and board and lodging unless same have been provided by the Company) until and including day of pay-off, but only if such crew member has presented himself at the designated time and place of his pay-off.

(d) In the case of any vessel which arrives in Port during a weekday, and prior to noon on Friday, where there is to be a pay-off for the crew, and the vessel will still be in Port on the following Monday, said pay-off must be completed prior to 2:00

- 27 -