**EXHIBIT 3**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Lawrence Howard, Jr., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>American Overseas Marine )<br>Corporation, )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>04-11169 REK |

PLAINTIFF'S ANSWERS AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES

Now comes the Plaintiff, Lawrence Howard, Jr., by his attorney, and pursuant to Fed.R.Civ.P. 33, answers and objects to Defendant's First Set of Interrogatories as follows:

General Objections

Plaintiff objects generally to Defendant's requests to the extent they seek information and documents protected from disclosure by the attorney-client privilege and work product doctrine. This information and these documents consist of private communications between Plaintiff and his counsel, information consisting of Plaintiff's counsel's attorney work product, documents prepared by the Plaintiff at the direction of his counsel, documents prepared in anticipation of litigation by the Plaintiff and/or his counsel.

-1-

Specific Answers and Objections

1. Please identify all persons and documents (excluding your attorneys) that you have consulted or relied upon, or have otherwise constituted sources of information for your, in connection with the preparation of your answers to these interrogatories, listing with respect to each the paragraph number(s) of the interrogatories the answers to which help was provided, and the substance of subject of the information provided.

    ANSWER:

    OBJECTION: Plaintiff objects to this interrogatory to the extent it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information and/or documents protected from disclosure by the attorney-client privilege and/or work product doctrine. This information and these documents consist of private communications between Plaintiff and his counsel, information consisting of Plaintiff's counsel's attorney work product, documents prepared by the Plaintiff at the direction of his counsel, documents prepared in anticipation of litigation by the Plaintiff and/or his counsel. Without waiving this objection, Plaintiff answers as follows:

    I have not consulted with anyone besides my attorney. Besides privileged and/or protected documents, I reviewed documents produced in response to Defendant's document requests.

2. Please identify all person you know or have reason to believe possess information or documents concerning any of the facts of allegations in your Complaint, including without limitation all persons you know or have reason to believe witnessed any of the actions or omissions upon which you rely in support of your Complaint, and for each such person, state in detail and with specificity the facts or allegations about which such person possesses information or documents.

    ANSWER:

OBJECTION: Plaintiff objects to this interrogatory to the extent it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence concerning its breadth and scope, and to the extent it consists of multiple interrogatories. Without waiving the foregoing objection, Plaintiff answers as follows:

Lawrence Howard, Jr., 37 Mascot Street, Dorchester, Massachusetts 02124. Knowledge regarding all disputed facts alleged with particularity in the pleadings.

Joseph Wildgen, address unknown. Knowledge regarding Plaintiff's employment.

George (LNU), address unknown. Knowledge regarding Plaintiff's employment.

Robert Firth, address unknown. Knowledge regarding Plaintiff's employment.

Michael Mahoney, c/o Defendant. Knowledge regarding Plaintiff's employment and termination.

Nancy Vaupel, c/o Defendant. Knowledge regarding Plaintiff's employment and termination.

Avis Hawkins, Virginia Beach, VA. Knowledge regarding Plaintiff's employment and termination.

Gregory Williams, c/o Defendant. Knowledge regarding Plaintiff's employment and termination.

(FNU) Santos. Knowledge regarding Plaintiff's employment and termination.

Robert Gowens, believed to be on active military duty. Knowledge regarding Plaintiff's employment and termination.

Steven Ruiz, address unknown. Knowledge regarding Plaintiff's employment and termination.

James Halestorm, c/o Defendant. Knowledge regarding Plaintiff's employment and termination.

Calvin Williams, c/o Defendant. Knowledge regarding Plaintiff's employment and termination.

Salvatore Giotti, address unknown. Knowledge regarding Plaintiff's employment.

Joyce M. Dennis, 37 Mascot Street, Dorchester, Massachusetts 02124. Knowledge regarding Plaintiff's damages.

3. Please identify all persons whom you expect to call as an expert witness at trial, and for each state (a) the person's qualifications and field of expertise, (b) the subject matter on which such person is expected to testify, (c) the substance of all facts and opinions to which such person is expected to testify, and (d) a detailed summary of the grounds for each such opinion, including the identity of each document upon which such person has relied or is expected to rely in formulating such opinion.

ANSWER:

OBJECTION: Plaintiff objects to this interrogatory to the extent it exceeds the scope of Fed.R.Civ.P. 26(a)(2). Without waiving the foregoing objection, Plaintiff answers as follows:

Plaintiff will supplement this answer at such time he retains his expert witness(es) and in the time and manner set forth in Fed.R.Civ.P. 26(a)(2) and the Orders of the Court.

4. Please list, describe and give the dates of all incidents that constituted or contributed to discrimination by AMSEA, including any employee, officer, director, agent or representative, against you or any other individual employed by AMSEA, concerning race, sex, sexual harassment, retaliation or any other ground; state the basis for your belief that such incidents constituted or contributed to discrimination; and describe in detail and with specificity all communications you made, initiated, attempted, or participated in complaining about, investigating or otherwise concerning such alleged discrimination.

ANSWER:

OBJECTION: Plaintiff objects to this interrogatory to the extent it calls for a legal conclusion and consists of multiple interrogatories. Without waiving the foregoing objection, Plaintiff answers as follows:

I am an African-American male. In or around January, 2003, I commenced employment with AMSEA as Chief Cook aboard the Motor Vessel William R. Button ("M/V Button"), a ship owned and operated by AMSEA. My job duties as Chief Cook included overall responsibility for meal preparation and sanitation in the M/V Button's kitchen or "galley." My immediate supervisor on the M/V Button was the ship's Chief Steward. From the commencement of my employment on the M/V Button through approximately July 7, 2003, I worked under the supervision of Chief Steward George (LNU) and then his replacement, Robert Firth. I worked well with these two individuals, met or exceeded the legitimate performance expectations for my position, and was not subject to any type of disciplinary action whatsoever under their supervision.

In late June/early July, 2003, as Chief Steward Firth's rotation was due to expire while at sea, the M/V Button's Captain, Michael Mahoney, offered me the position of Chief Steward. I declined the offer.

On or about July 7, 2003 Nancy Vaupel commenced employment on the M/V Button as Chief Steward. Vaupel is a Caucasian female. I worked closely with Vaupel during the first days of her employment, familiarizing her with the galley and its operation. After a staff meeting during this period, I proceeded to Vaupel's office and invited her to do a 'walk-through' of the galley. During this conversation, Vaupel stated to me that she was interested in a "private relationship" with me, and that "no one else needs to know." I pretended not to hear her. Vaupel made similar advances towards me on numerous subsequent occasions. I responded by stating that I was not interested in such a relationship. Vaupel would additionally spend an inordinate amount of time in the galley when I was present.

Shortly before Vaupel coming aboard the M/V Button, Avis Hawkins was hired as a Steward Assistant. Hawkins is an African-American female. Prior to Vaupel coming aboard the M/V Button, Hawkins worked well with the then Chief Steward, met or exceeded the legitimate performance expectations for her position, and was not subject to any type of disciplinary action whatsoever during this period.

From virtually the commencement of Vaupel's employment on the M/V Button, she began to treat Hawkins in a disparaging manner, far worse than her similarly-situated co-workers. Vaupel would micro-manage Hawkins' work, criticize and yell at Hawkins for no apparent reason.

In or around early August, 2003 I met with the Captain Mahoney. Mahoney is/was Vaupel's immediate supervisor. I informed Mahoney of Vaupel's above stated inappropriate conduct towards me, and that she was creating a distraction by her constant presence in the galley. Mahoney stated to me that he would speak to Vaupel concerning her conduct. Vaupel's conduct subsided for approximately two weeks and then took on the form of retaliation.

On or about August 20, 2003 Vaupel falsely criticized me for failing to perform my job duties and complained (falsely) to the M/V Button's Bosun regarding the same. That day, I again met with Mahoney, stated to Mahoney that Vaupel was retaliating against me because I would not enter into a romantic relationship with her, and that Vaupel was also retaliating against Hawkins. I also informed Mahoney that Hawkins had complained to me that Vaupel was discriminating against her because of her race. Mahoney dismissed Vaupel's conduct towards Hawkins as "two females in a spat," and otherwise failed to address my complaints.

On or about September 14, 2003 I transmitted a memorandum to Vaupel (with a copy to Mahoney) concerning disparate treatment and discrimination towards Hawkins on account of her race, and disparate treatment toward me after Vaupel had witnessed me conversing with Hawkins. I also noticed in the memorandum that a Caucasian employee, Gregory Williams, had

-6-

not been disciplined by Vaupel for numerous infractions. Hawkins also made written complaints concerning discrimination she was experiencing from Vaupel.

On or about October 3, 2003, Mahoney discharged me "for cause" from the M/V Button. The stated reason for the discharge, "disrespectful behavior towards to[sic] the Chief Steward, Nancy Vaupel, more than once" was completely false and a pretext for unlawful discrimination and retaliation. At all times relevant herein, I performed my job duties at least at an acceptable level, and otherwise met or exceeded the legitimate performance expectations for my position.

5. Please describe in detail all efforts you made to find employment or generate income after October 3, 2003, including without limitation the identity of all persons from whom you sought work or to whom you applied for work, the identity of all documents concerning your efforts (including without limitation all resumes, job applications, help wanted advertisements and cover letters), the identity of any person who assisted you or from whom you requested assistance in seeking work, and the dates of each of theses efforts.

ANSWER:

I applied for numerous positions in the food preparation industry subsequent to my termination for AMSEA. I responded to newspaper advertisements and conducted employment searches over the internet. Pursuant to Fed.R.Civ.P. 33(d), Plaintiff identifies documents concerning his job search. Joyce Dennis assisted me in my search.

6. Please identify all persons with whom you have been employed since October 3, 2003, and for each, stated you dates of employment, salary, commission, income, title and position, and describe our job responsibilities.

ANSWER:

Commonwealth Community Corp., Stoughton, MA. I worked as a Chef at the Avery Crossing Assisted Living Community in Needham, MA. I was employed from March to October, 2003. I was paid $15.00 per hour and worked 40 hours per week. I worked for several days in November, 2004 for the Boston Catering Co. in Woburn, MA, and earned approximately

$200.00. I have been employed by the South Shore Catering Group at the South Shore Country Club as a Chef from October, 2004 to the present time. I am paid $15.00 per hour and work part-time when needed. I have been employed by the Fittsoff Company at the Assisted Living Community, 50 Sutherland Road, Brighton, MA 02135, as a Chef from November, 2004 to present. I am paid $15.00 per hour and work 40 hours per week.

7. Please identify any of your other sources of incomes, payments or benefits since October 3, 2003, including without limitation any sick, retirement, medical, disability, workers compensation, Social Security, or other insurance, benefit plan or program, and for each, state the dates you received such income, payments or benefits, and identify all documents concerning them.

ANSWER:

Subsequent to my termination from AMSEA, I received union vacation pay in the amount of approximately $5500.00. I also received approximately $13,208.00 in unemployment benefits.

8. Other than in connection with this proceed, have you ever claimed, complained, alleged or asserted that any person discriminated against you on account of your race, sex, or for retaliation or any other ground, including sexual harassment? If so, please identify all such persons, describe the nature of your claim, complaint, allegation or assertion, to whom it was made, and the date it was made.

ANSWER:

OBJECTION: Plaintiff objects to this interrogatory to the extent it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks confidential information. Without waiving this objection, Plaintiff answers as follows:

I brought a claim for racial discrimination in employment against Amtrak in or around 1996 at the Massachusetts Commission Against Discrimination. The claim was resolved and all information regarding the same is the subject of a confidentiality agreement.

-8-

9. Please list and describe with particularity all injuries you allege in your Complaint, and for each such injury, please specify the amount of damages you claim, and describe how such damages were computed.

ANSWER:

I estimate my back pay to date to be $50,000.00. This figure represents the difference between my estimated earnings but for the Defendant's above conduct, less my actual earnings during this period.

I estimate my future diminished income earning capacity to be $200,000.00. This figure represents my estimated earnings but for Defendant's above conduct, less my actual estimated earnings projected three years into the future.

I estimate my damages due to emotional distress to be in the amount of $1,000,000.00. Defendant's conduct left me humiliated, embarrassed, upset and persecuted. Although I had been a model employee, management sided with Vaupel, no investigation was undertaken and I was terminated from my employment without any justification and in retaliation for reporting Vaupel's conduct. I have been unable to secure employment at sea, which I love and which has been a major part of my life. I socialize far less. My relationship with my girlfriend has been negatively affected. My eating and sleeping habits have been negatively affected. I feel anxious. Financial hardship due to Defendant's conduct has had a negative effect on my emotional state. My self confidence and self esteem has been negatively affected, and I do not feel that I am the same happy person that I was previously.

10. Please state the basis for your allegations in paragraph 10 of the Complaint.

ANSWER:

-9-

Please see my answer to Interrogatory No. 4. The previous Chief Stewards often complimented me on my work, and I received no discipline action whatsoever from them. In addition, when Mr. Firth's rotation was about to expire, Captain Mahoney offered me his position. Pursuant to Fed.R.Civ.P. 33(d) Plaintiff additionally identifies documents produced in response to Defendant's document requests.

11. Please state the basis for your allegations in paragraph 16 of the Complaint.

ANSWER:

Please see my answer to Interrogatory No. 4. Pursuant to Fed.R.Civ.P. 33(d) Plaintiff additionally identifies documents produced in response to Defendant's document requests.

12. Please state the basis for your allegations in paragraph 18 of the Complaint.

ANSWER:

Please see my answer to Interrogatory No. 4. Mr. Firth often stated to me that he was satisfied and pleased with Ms. Hawkins work and that she was a "hard worker." I shared this opinion and never had any cause to discipline Ms. Hawkins.

13. Please state the basis for your allegations in paragraph 19 of the Complaint, including without limitation, the identity of similarly situated co-workers referenced in the allegation and how each such co-worker was treated differently from Hawkins.

ANSWER:

Please see my answer to Interrogatory No. 4. Gregory Williams, Calvin Williams and the other Steward Assistants were treated more favorably than Hawkins. Pursuant to Fed.R.Civ.P. 33(d) Plaintiff identifies documents produced in response to Defendant's document requests.

14. Please state the basis for your allegations in paragraph 20 the Complaint.

ANSWER:

Please see my answer to Interrogatory No. 4. Vaupel would additionally order Hawkins to complete tasks which were either not in her job description or that she was not trained in. Pursuant to Fed.R.Civ.P. 33(d) Plaintiff identifies documents produced in response to Defendant's document requests.

15. Please state the basis for your allegations in paragraph 22 the Complaint, including without limitation, a verbatim account of any such conversations, that dates of any such conversations, the identity of any other individuals present for such conversations, and what, if any, action was taken by Mahoney in response to the conversation(s).

ANSWER:

Please see my answer to Interrogatory No. 4. I do not recall verbatim what I said to Mahoney during this conversation. I did state to him that Vaupel had made advances towards me, that her presence in the galley was a distraction and that I wished him to intervene. No one else was present. Pursuant to Fed.R.Civ.P. 33(d) Plaintiff identifies documents produced in response to Defendant's document requests.

16. Please state the basis for your allegations in paragraph 24 of the Complaint, including without limitation, a verbatim account of all conversations on that date between you and Vaupel and between Vaupel and the M/V Button's Buson[sp], and the identity of any individuals present during those conversations.

ANSWER:

-11-

Please see my answer to Interrogatory No. 4. Vaupel falsely and unreasonably criticized my for refusing to make sandwiches. I do not recall what was said verbatim. I was present for part of the time when Vaupel complained to the Bosun. She stated that I refused to make sandwiches. I responded that I did not refuse and had delegated the task to the ship's baker, pursuant to my job duties. The Bosun then ordered me to prepare the sandwiches personally, which I did. Pursuant to Fed.R.Civ.P. 33(d) Plaintiff identifies documents produced in response to Defendant's document requests.

17. Please state the basis for your allegations in paragraph 25-27 of the Complaint, including without limitation, a verbatim account of your conversation with Mahoney and the identity of any individuals present during that conversation.

ANSWER:

Please see my answer to Interrogatory No. 4. I do not recall what was said verbatim. No one else was present. I also stated to Mahoney that when Vaupel would see me speaking with Ms. Hawkins, she would often refuse to speak with me for the remainder of the day and that this was interfering with my ability to perform my job duties. Pursuant to Fed.R.Civ.P. 33(d) Plaintiff identifies documents produced in response to Defendant's document requests.

18. Please state the basis for your allegations in paragraph 29 of the Complaint.

ANSWER:

Pursuant to Fed.R.Civ.P. 33(d) Plaintiff identifies documents produced in response to Defendant's document requests.

19. Please state the basis for your allegations in paragraph 31 of the Complaint.

ANSWER:

Please see my answer to Interrogatory No. 4. I never acted in a disrespectful manner towards Vaupel. Furthermore, her allegations that I struck her were completely false. Pursuant to Fed.R.Civ.P. 33(d) Plaintiff identifies documents produced in response to Defendant's document requests.

20. Please state the basis for your allegations in paragraph 32 of the Complaint.

ANSWER:

Please see my answer to Interrogatory No. 4. Pursuant to Fed.R.Civ.P. 33(d) Plaintiff identifies documents produced in response to Defendant's document requests.

21. As to any physical, psychological and/or emotional injuries that you claim to have incurred in connection with the allegations fo the Complaint:
   a. state the dates of such alleged physical, psychological and/or emotional damage;
   b. describe with particularity any physical manifestations of such alleged damages;
   c. identify any persons with knowledge of facts supporting this allegation;
   d. describe with particularity any medical evaluation or treatment that you sought or received in response to such alleged physical or emotional damage, including identifying all persons form whom you sought or received such medical evaluation or treatment; and
   e. provide an itemized statement of the dollar amounts of the physical, psychological and/or emotional damage, identifying which damages were sustained as a result of each individual claim.

ANSWER:

Please see my answer to Interrogatory No. 9. Joyce M. Dennis has knowledge regarding my emotional distress damages. I have not received any medical evaluation or treatment to date.

22. Please identify al persons from whom you sought or received medical evaluation or treatment since January 1, 2000, and for each please state or identify:
   a. The dates medical evaluation or treatment was sought or received;

-13-

 b. Each medical practitioner by whom you were evaluated or received treatment;

 c. The nature and scope of, and reason for, the medical evaluation or treatment;

 d. If any entity, the person, group, department, unit, room, area or subdivision of the entity that maintains records or such evaluation or treatment.

ANSWER:

OBJECTION: Plaintiff objects to this interrogatory to the extent it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence concerning the Plaintiff's medical as opposed to mental health treatment. Without waiving the foregoing objection, Plaintiff answers as follows:

I have not received any evaluation or treatment for any psychological or emotional condition or damage since January 1, 2000.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 17th DAY OF DECEMBER, 2004.

_____
Lawrence Howard, Jr.

As to objections,

_____
Paul F. Wood, BBO No. 565195
Law Office of Paul F. Wood, P.C.
45 Bowdoin Street
Boston, Massachusetts 02114
(617) 532-2666

I hereby certify that a true copy of the within document was served upon all pro se parties/ attorneys of record by hand/first class mail, postage prepaid on 12-17-04

-14-