UNITED STATES COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Lawrence Howard, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 04-11169 REK |
| vs. | ) | |
| | ) | |
| American Overseas Marine | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

<u>JOINT PRETRIAL MEMORANDUM</u>

Now come the Parties, by their respective counsel, and submit herein the Joint Pretrial Memorandum in the above action.

(1)   CONCISE SUMMARY OF EVIDENCE OFFERED BY:

<u>Plaintiff</u>:

The Plaintiff, Lawrence Howard, Jr. ("Howard") will offer evidence that, while employed by the Defendant, American Overseas Marine Corporation ("AMSEA"), as Chief Cook on the Motor Vessel Button ("M/V Button"), he was subjected to employment discrimination in the form of unwanted sexual harassment, and retaliation, culminating in his involuntarily termination.

Howard commenced employment with AMSEA aboard the M/V Button in January of 2003, his direct supervisor being the ship's Chief Steward. Howard worked well with the Chief Steward originally assigned to the M/V Button and his replacement, receiving no disciplinary action whatsoever. In July, 2003 Nancy Vaupel ("Vaupel") became Chief Steward. Shortly after

B3142455.1

1

arriving on board the M/V Button, Vaupel stated to Howard that she wanted to have a "private relationship" with him. Vaupel made similar advances to Howard on subsequent occasions and engaged in other unwanted conduct including inviting him to her cabin, rolling dough into the shape of a penis, describing sexual intercourse and what she could do to Howard, and other similar conduct.

Howard initially attempted to ignore or pretend not to hear Vaupel's comments. Eventually, in order to dissuade Vaupel from pursuing him, Howard stated to her that he was interested in another employee, Steward Assistant Avis Hawkins. Howard eventually reported Vaupel's conduct to the ships Captain, Michael Mahoney.

Subsequent to Howard telling Vaupel that he was interested in Hawkins and reporting her conduct to Mahoney, Vaupel began to retaliate against Howard. This took on the form of false performance allegations against him. Vaupel also treated Hawkins in a disparaging manner than her similarly situated co-workers. Hawkins complained to Howard that Vaupel was discriminating against her because of her race, African-American.

Howard made several more complaints to Mahoney, but Vaupel's retaliation continued. On or about September 14, 2003 Howard transmitted a memo to Vaupel concerning, among other things, discrimination against Hawkins and how Vaupel behaved toward Howard when she saw him with Hawkins. Shortly thereafter, Vaupel stated to Howard that "You've taken up with that bitch [Hawkins], and the two of you have given me a very hard time, and I intend to get even."

On or about October 3, 2003, Howard was discharged from AMSEA and the M/V Button after Vaupel falsely accused him of assaulting her and injuring her hand. In fact, Vaupel injured

B3142455.1

2

her hand when broom handles fell on her.

As a direct and proximate result of the above conduct of AMSEA, by and through its employees, Howard has suffered damages in the form of lost back pay, lost income earning capacity, and severe emotional distress.

Defendant:

AMSEA intends to present testimonial and documentary evidence to establish that the Plaintiff was not sexually harassed by his supervisor, Nancy Vaupel. The evidence will also show that the Plaintiff never complained of sexual harassment by Vaupel as alleged. Rather, the evidence will establish that the Plaintiff was insubordinate and disrespectful toward Vaupel, culminating in an incident just before the end of the voyage during which he hit Vaupel in the ship's galley. The evidence will show that this incident caused AMSEA to terminate Plaintiff's employment and that no retaliation by Vaupel or AMSEA ever occurred. The evidence will also show that one of Plaintiff's co-workers, Avis Hawkins, was a poor performer who also caused problems for Vaupel throughout the voyage. Further, the evidence will establish that Plaintiff threatened to cut the throat of his union representative, Steve Ruiz, when Ruiz boarded the ship at the end of the voyage. Had Plaintiff not already been fired, AMSEA would have fired him for that. Finally, the evidence will establish that after his termination, Howard reached a settlement agreement with AMSEA (and his union) which transformed his termination into a mutual consent resignation.

(2)     FACTS ESTABLISHED BY PLEADINGS OR BY STIPULATIONS OR

ADMISSIONS OF COUNSEL:

1.  The plaintiff, Lawrence Howard, Jr. commenced employment with the Defendant, American Overseas Marine Corporation ("AMSEA"), in January, 2003 as Chief Cook on the Motor Vessel Button ("M/V Button").

2.  Howard's direct supervisor on the M/V Button was the Chief Steward.

3.  Nancy Vaupel became the Chief Steward on the M/V Button on or about July 8, 2003.

4.  On or about October 3, 2003 Howard was terminated from his position with AMSEA.

(3) CONTESTED ISSUES OF FACT:

1.  The basis for the disciplinary warnings given to Howard while employed by AMSEA.

2.  The reasons for Howard's termination from AMSEA.

3.  Whether Howard was sexually harassed by Vaupel.

4.  Whether Howard reported Vaupel's alleged sexual harassment.

5.  Whether Howard was subjected to retaliation after refusing Vaupel's alleged advances.

6.  Whether Howard was subject to retaliation after reporting Vaupel's alleged sexual harassment.

7.  Whether Howard assaulted Vaupel.

8.  The nature and extent of Howard's alleged damages.

B3142455.1

9. Whether Howard resigned.

10. Whether AMSEA would have fired Howard for his threat to Steve Ruiz.

(4)  JURISDICTIONAL QUESTIONS:

AMSEA submits that jurisdictional issues are posed by its contention that Howard's federal and state retaliation claims are preempted by the National Labor Relations Act.

(5)  QUESTIONS RAISED BY PENDING MOTIONS.

AMSEA's assented-to motion to offer deposition testimony of Dannie Truss at trial. Plaintiff will file a motion in limine concerning Plaintiff's 1995 claim against a former employer prior to trial.

(6)  ISSUES OF LAW, EVIDENTIARY QUESTIONS WITH SUPPORTING AUTHORITY.

Defendant contends that Howard's federal and state retaliation claims are preempted under the Garmon doctrine, initially articulated by the Supreme Court in San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236 (1959).  Defendant also contends that Massachusetts General Law Chapter 151B creates no cause of action for Plaintiff's sexual harassment claims because Florida law, not Massachusetts law, has the most significant relationship to those claims.  See Hayden v. Krusling, 531 F. Supp. 468 (N.D. Fla. 1982) (Florida law applied to plaintiff's wrongful death action against pilot's estate where the flight began in Florida and the flight was to end in Florida, even though plane flew to New Orleans and crashed in the Gulf of Mexico on the

B3142455.1

5

high seas on its return to Florida).

Plaintiff contends that these issues were previously decided in Plaintiff's favor when the Court denied Defendant's motion for summary judgment concerning the above issues.

(7)  REQUESTED AMENDMENTS TO THE PLEADINGS.

None.

(8)  ADDITIONAL MATTERS TO AID IN THE DISPOSITION OF THE ACTION.

The parties will require video and audio equipment that will allow a videotaped deposition to be shown to the jury at trial.

(9)  PROBABLE LENGTH OF TRIAL.

4-5 days.

(10)  WITNESSES.

Plaintiff:

Plaintiff will call:

Lawrence Howard, Jr.
37 Mascot Street
Dorchester, MA 02124
(617) 288-3854

Joyce M. Dennis
37 Mascot Street
Dorchester, MA 02124
(617) 288-3854.

B3142455.1

6

Plaintiff will read all or portions of deposition testimony of:

Avis Hawkins
713 Edinberg Avenue
Chesapeake, VA  23324
(757) 321-8900

James Hailstone
285 Carriage Hill Drive
Aurora, IL  60506
011-63-919-599-7548

The Plaintiff May Call:

Richard Williamson, c/o Defendant

Nancy Vaupel, c/o Defendant

Michael Mahoney, c/o Defendant

Gregory Williams, c/o Defendant

The Plaintiff reserves the right to call any of Defendants' witnesses.

The Plaintiff reserves the right to call rebuttal witnesses as necessary.

Defendant:

The defendant will call:

Nancy Vaupel, 340 42nd Avenue North St. Petersburg, FL 33703, 724-488-8309.

Michael Mahoney, 17806 Simms Road Odessa, FL 33556, 813-376-5334.

Richard Williamson, 116 East Howard Street Quincy, MA 02169, 617-376-8445.

Calvin Williams, P.O. Box 243 Oakland, CA 94604, 510-749-9287.

William Buchner, 6433 Crossing Place, SW Port Orchard, WA  98367, 360-674-2696.

Defendant may call:

Steve Ruiz, 2246 Rainbow Dr., Houston, TX 17023, 713-928-2189.

Defendant's witnesses by means of deposition testimony:

Greg Williams, 7-61 Benjang Road SOI1 Benjang Road Udon Thani, 41000 Thailand, 011-042-223-035.

Dannie Truss, 5112 MOO 13 Tepburee Rd., T. Makkhang A, Muang, Udonthani Prov 41000 Thailand, 670-323-5478.

AMSEA reserves the right to call any of Plaintiff's witnesses.

AMSEA reserves the right to call rebuttal witnesses as necessary

(11)   PROPOSED EXHIBITS:

<u>Plaintiff</u>:

1. Memorandum from Avis Hawkins to Calvin Williams

2. Memorandum from Lawrence Howard to Nancy Vaupel

3. Chief Cook Job Description

4. Certificates of Discharge for Lawrence Howard, Jr.

5. Discharge for cause memorandum, dated October 3, 2003

6. Memorandum from Plaintiff to Avis Hawkins, dated September 17, 2003

7. Memorandum from Avis Hawkins to Plaintiff, dated September 18, 2003

8. Particulars of Engagement and Discharge concerning Plaintiff

9. Letter from Defendant to Plaintiff's union, dated October 17, 2003

10. Plaintiff's resume

11. Master's Log, M/V Button, October 1 to 3, 2003.

12. Handwritten letter from Avis Hawkins to Captain Mahoney, dated October 4, 2003

13. General Dynamics Shipboard Management Manual

14. Memorandum of Understanding between Defendant and Plaintiff's union, dated January 1, 2003

15. Memorandum of Understanding between Defendant and Plaintiff's union, dated January 1, 2004

16. Plaintiff's 2003-2005 Federal W-2 forms.

Defendant:

1. Undated typed list of incidents (August 6th and 20th, September 2nd, 12th, and 14th) concerning Lawrence Howard provided to Michael Mahoney by Nancy Vaupel

2. September 18, 2003 four page letter from Michael Mahoney to Rick Williamson

3. August 30, 2003 letter of warning issued to Avis Hawkins by Nancy Vaupel concerning incidents on September 1st and 2nd, 2003.

4. September 17, 2003 memo to Avis Hawkins from Lawrence Howard.

5. Undated memo to Nancy Vaupel from Avis Hawkins.

6. October 1, 2003 email from Michael Mahoney to Rick Williamson containing October 1, 2003 statement of Nancy Vaupel.

7. October 1,2003 signed statement by Nancy Vaupel.

8. October 3, 2003 letter from Michael Mahoney to Lawrence Howard.

9. October 17, 2003 letter to Augustin Tellez from Richard Williamson.

10. Settlement agreement dated November 10, 2003.

11. Collective bargaining agreement between AMSEA and SIU.

12. December 26, 2003 Memorandum of Understanding between AMSEA and SIU.

13. November 25, 2003 letter to Samuel Spain from Richard Williamson with one-page enclosure.

14. Pamphlet from Chief Cook Binder - How to Recognize and Prevent Sexual Harassment in the Workplace.

15. New Crewmember Indoctrination Information from Chief Cook Binder.

16. January 19, 1999 EEO Policy Memorandum from Chief Cook Binder.

17. Chief Cook job description.

18. October 27, 2003 letter to Seafarers Appeals Board from Steve Ruiz and attachment.

19. Beef Report dated October 28, 2003.

20. Shipboard Organization Manual

21. April 7, 1999 Sexual Harassment Training directive.

22. June 30, 2001 Equal Employment Opportunity directive.

23. July 13, 2003 Deck Log entry.

24. August 18, 2004 letter to Augie Tellez from Steve Ruiz.

25. Undated dues and tracking system document with notes.

26. Undated document with notes entitled Patrolman Report page II.

27. November 12, 2003 letter from Samuel Spain to Rick Williamson.

28. November 12, 2003 memo to Augie Tellez from Kermett Mangram.

(12) OBJECTIONS TO THE EVIDENCE.

<u>Plaintiff</u>:

Plaintiff objects to Defendant's proposed exhibits nos. 1-3, 6-9, 13, 18, 19, 24, 26, 27, and 28 on hearsay grounds. Plaintiff objects to proposed exhibits nos. 10, 11, and 23 on relevance grounds.

B3142455.1

<u>Defendant</u>:

Defendant objects to Plaintiff's proposed exhibits 1, 7 and 12 on hearsay grounds and on the grounds that the documents reflect allegations, not facts. Defendant also objects to Plaintiff's proposed exhibit 10 on the grounds of relevancy.

Respectfully Submitted,

| | |
|---|---|
| Lawrence Howard, Jr. | American Overseas Marine Corporation |
| By his attorney, | By its attorney, |
| | |
| /s/Paul F. Wood_____ | /s/James W. Bucking (pfw w/permission)_____ |
| Paul F. Wood, BBO# 565195 | James W. Bucking, BBO# 558800 |
| Law Office of Paul F. Wood | Scott C. Merrill, BBO# 631008 |
| 45 Bowdoin Street | Foley Hoag, LLP |
| Boston, MA  02114 | 155 Seaport Boulevard |
| (617) 532-2666 | Boston, MA  02210 |
| | (617) 832-1000 |