UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Lawrence Howard, Jr., )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>American Overseas Marine )<br>  Corporation, )<br>)<br>  Defendant. ) | CIVIL ACTION NO.<br>04- 11169 REK |

PLAINTIFF'S MOTION IN LIMINE REGARDING HIS PRIOR
CLAIM AGAINST THE NATIONAL RAILROAD PASSENGER CORPORATION

Now comes the Plaintiff, Lawrence Howard, Jr. ("Howard"), by his attorney, and respectfully requests that the Court issue an Order precluding the Defendant, its attorneys and witnesses from referring in any manner to or attempting to introduce any evidence concerning Plaintiff's prior administrative action against the National Railroad Passenger Corporation ("Amtrak").

As good cause for the allowance of the within motion, Plaintiff respectfully submits that his eleven year old race discrimination action is wholly irrelevant to the present action and any inquiry into the same would unfairly prejudice the jury against him.

In further support of the within action, Plaintiff respectfully submits that:

1.  Plaintiff filed the within action against Defendant on June 2, 2004.

2.  Plaintiff, chief cook on a vessel owned and operated by Defendant, claims that he was subject to discrimination and harassment on the basis of sex, and also retaliation for reporting the same and also for reporting allegations of racial

discrimination made by a subordinate of the Plaintiff. See, <u>Complaint and Demand for Trial by Jury</u>, generally.

3. In or around 1995 Plaintiff filed a claim at the Massachusetts Commission Against Discrimination for discrimination on the basis of race and retaliation against Amtrak, his former employer.

4. The claim was later settled to the satisfaction of both the Plaintiff and Amtrak.

5. Evidence concerning this *over ten year old claim* wholly irrelevant to the instant action. Evidence of this prior claim is not admissible to show action in conformity therewith, i.e., that Plaintiff is litigious. See, Fed.R.Evid. 404(b). One prior claim does not a pattern make.

6. Forcing an individual to reveal a prior discrimination claim additionally has a 'chilling' effect which may preclude him/her or others from pursuing their rights if they are subject to discrimination by a subsequent employer. See, <u>Malloy v. Wang Laboratories, Inc.</u>, 95 F.R.D. 488, 490 (D.Mass. 1982, Alexander, M.J.).

7. In addition, the prior Amtrak claim has no temporal relevance as it was brought over ten years ago.

8. The Amtrak claim centered on racial discrimination while the instant action centers on sexual harassment.

9. Furthermore, any conceivable relevance in allowing this evidence is substantially outweighed by its prejudicial effect. Fed.R.Evid. 403. As set forth above, admission of evidence concerning the Amtrak claim may wrongfully prejudice the jury against Howard as a litigious person.

WHEREFORE, for the foregoing reasons the Plaintiff, Lawrence Howard, Jr., respectfully requests that the Court issue an Order precluding the Defendant, its attorneys and witnesses from referring in any manner to or attempting to introduce any evidence concerning Plaintiff's prior administrative action against Amtrak.

Respectfully submitted,
Lawrence Howard, Jr.
By his attorney,


/s/Paul F. Wood
Paul F. Wood, BBO No. 565195
Law Office of Paul F. Wood, P.C.
45 Bowdoin Street
Boston, MA 02114
(617) 532-2666


LOCAL RULE 37.1 AND 7.1 CERTIFICATION

I, Paul F. Wood, counsel for the Plaintiff, hereby certify that on January 4, 2006 I conferred with counsel for the Defendant in a good faith attempt to narrow or resolve the issues raised in the within motion, but that the said attempt was unsuccessful in whole or in part.

/s/Paul F. Wood
Paul F. Wood