UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.................................

LAWRENCE HOWARD, JR.,

            Plaintiff,    CIVIL ACTION NO. 04-11169 (REK)

      v.

AMERICAN OVERSEAS MARINE
CORPORATION,

            Defendant.

.................................

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
IN LIMINE REGARDING HIS PRIOR CLAIM AGAINST THE
<u>NATIONAL RAILROAD PASSENGER CORPORATION</u>**

Plaintiff's Motion in Limine seeks to prevent Defendant from referring to or introducing any evidence concerning an employment discrimination charge Plaintiff filed against his former employer National Railroad Passenger Corporation ("Amtrak"). For the following reasons, Plaintiff's Motion in Limine must be denied:

1. Plaintiff's Motion in Limine repeats the same grounds for exclusion previously offered in a Motion for a Protective Order filed on June 9, 2005, which motion was denied by this Court.

2. Defendant is still waiting for discovery materials relating to Plaintiff's employment discrimination charge against Amtrak, which Plaintiff has been ordered to produce.

3. As Defendant is still waiting for these discovery materials, Plaintiff's Motion in Limine is premature at the very least.

4. In addition to being premature, there is no basis for Plaintiff's argument that information regarding his discrimination claim against Amtrak is irrelevant.

5. Plaintiff's Motion in Limine states that his discrimination claim against Amtrak is eleven years old, and relies almost exclusively on this fact as proof that the claim is irrelevant to the instant matter. In fact, Plaintiff's claim with Amtrak was settled in March of 2001, with Plaintiff receiving a monetary settlement at that time. Further, Plaintiff continued to work for Amtrak through 2001, and his employment with Amtrak immediately preceded his employment with Defendant American Overseas Marine Corporation.

6. Contrary to Plaintiff's assertion in his Motion in Limine, Defendant does not seek to use evidence of Plaintiff's discrimination claim against Amtrak for the prohibited purpose of proving action in conformity therewith, *i.e.*, that Plaintiff is litigious. See F.R.E. 404(b). Defendant seeks to use this evidence as proof of motive, intent, plan and/or the multitude of other purposes specifically excepted from the prohibitions of 404(b).

7. Evidence of motive, intent or plan is particularly relevant in a case such as this, where Defendant's position is that Plaintiff's claims of sexual harassment are completely fabricated from whole cloth.

Accordingly, Defendant requests that Plaintiff's Motion in Limine be denied.

Respectfully submitted,

**AMERICAN OVERSEAS
MARINE CORPORATION**
By its attorneys,

/s/ James W. Bucking
James W. Bucking, BBO #558800
Scott C. Merrill, BBO #631008
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: January 4, 2006