UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

LAWRENCE HOWARD, JR.,                     .

                  Plaintiff,        .    CIVIL ACTION NO. 04-11169(REK)

           v.                            .

AMERICAN OVERSEAS MARINE         .
CORPORATION,                                    .

               Defendant.       .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, defendant American

Overseas Marine Corporation requests that the following instructions be given to the jury.

**AMERICAN OVERSEAS
MARINE CORPORATION,**

By its attorneys,

/s/ James W. Bucking
James W. Bucking, BBO #558800
Scott C. Merrill, BBO#631008
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832 - 1000

Dated: January 4, 2006

Instruction 1   <u>CORPORATION TO BE TREATED AS EQUAL PERSON</u>

Before I instruct you on the specific law at issue here, let me remind you that you are to consider and decide this case as an action between persons of equal standing in the community, of equal worth and holding the same or similar stations in life.   A corporation is entitled to the same fair trial at your hands as a private individual.  All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

Authority:

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 71.04 (4th Ed.).

Instruction 2  <u>POSITIONS OF THE PARTIES</u>

Mr. Howard claims that he was subjected to sexual harassment while employed by American Overseas Marine Corporation and that he was terminated in retaliation for complaining about sexual harassment.

American Overseas Marine Corporation ("the Company" or "defendant") denies that Mr. Howard was subjected to sexual harassment and states that it terminated Mr. Howard's employment for assaulting his supervisor.

It is up to you to decide whether or not Mr. Howard was sexually harassed and whether or not he was terminated for complaining of sexual harassment.

Instruction 3  <u>BURDEN ON THE PLAINTIFF</u>

In an employment discrimination case, the burden of proof rests at all times on the plaintiff, Mr. Howard, to prove every essential element of his claims of discrimination.  If Mr. Howard should fail to establish any essential element of his claims by a preponderance of the credible evidence, you should find for the Company as to that claim.

What does "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence.  In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between Mr. Howard and American Overseas Marine Corporation -- that is, it is equally probable that one side is right, as it is that the other side is right -- then you must decide that issue against Mr. Howard.  This is because, as the party who bears the burden of proof, Mr. Howard must prove more than the simple equality of the evidence -- he must prove the element at issue by a preponderance of the evidence.

Authority:

Martin v. Serticycle Inc., 2005 WL 2436447 (D. Mass); Mullenix v. Forsyth Dental Infirmary for Children, 965 F.Supp 120 (1996); Abramian v. President & Fellows of Harvard Coll., 432 Mass. 107 (2000).

Instruction 4  <u>CREDIBILITY OF WITNESSES</u>

You, as jurors, are the sole judges of the credibility of the witnesses and the weight that each witness' testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all testimony, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether or not a witness is worthy of belief.  Consider each witness' intelligence, motive, state of mind and demeanor or manner while on the stand.  Consider the witness' ability to observe the matters as to which he or she has testified, and whether or not he or she impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is supported or contradicted by other evidence in the case.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Authority:

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 73.01 (4th Ed.).

Instruction 5   <u>IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS</u>

      Over the course of the trial, you have heard counsel point out that at some earlier time a witness has said or done something inconsistent with their trial testimony.

      Evidence of a prior inconsistent statement by a witness is not to be considered by you as affirmative evidence in determining liability.  However, evidence of a prior inconsistent statement may help you decide whether or not to believe the trial testimony of the witness who contradicted him- or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

      In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency and whether that explanation appealed to your common sense.

      It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of that witness' testimony.

Authority:

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §73.04 (4th ed.).

Instruction 6  <u>CREDIBILITY OF WITNESSES -- INTEREST IN OUTCOME</u>

  In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept such testimony with great care.

  Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, a witness' interest has affected his testimony.

Authority:

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §73.01 (4th ed.).

Instruction 7  <u>GOVERNING LAW</u>

 Mr. Howard claims that the American Overseas Marine Corporation violated chapter 151B of Massachusetts General Laws ("M.G.L. c. 151B") and Title VII of the 1964 Civil Rights Act ("Title VII") by (1) subjecting him to a hostile work environment, (2) subjecting him to adverse employment action for refusing the sexual advances of his supervisor Nancy Vaupel, and (3) retaliating against him for complaining of sexual harassment.  While you all may have your own conceptions concerning what actions constitute sexual harassment and retaliation, each allegation has a precise legal definition under both federal and Massachusetts law that you must apply as you evaluate the plaintiff's claim.  To the extent that Mr. Howard's claims of sexual harassment and retaliation require different proof under Massachusetts and federal law, these differences will be explained.

Authority:

Massachusetts General Laws, c. 151B, §§ 1(18)(a), 4(4); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3.

Instruction 8  <u>TITLE VII -- GENERALLY</u>

Title VII is a federal law prohibiting discrimination in the workplace based on categories such as religion, sex or gender. The statute provides:

It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

Sexual harassment has been recognized as a form of sex discrimination under Title VII. Title VII also prohibits retaliation against an employee who has opposed a discriminatory practice forbidden by these laws.

Authority:

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq.; <u>Meritor Savings Bank FSB v. Vinson</u>, 477 U.S. 57 (1986).

Instruction 9  <u>CHAPTER 151B GENERALLY</u>

Massachusetts state law also prohibits discrimination in the workplace based on such categories such as religion, ethnicity and gender and protects employees against retaliation for complaining about discriminatory conduct.  Claims of sexual harassment fall under the umbrella of gender discrimination under Massachusetts state law.

Authority:

Massachusetts General Laws, c. 151B, §§ 1(18)(a), 4(4).

Instruction 10  <u>SEXUAL HARASSMENT - HOSTILE WORK ENVIRONMENT</u>

Mr. Howard alleges that Ms. Vaupel subjected him to a sexually hostile work environment while he was employed by the Company.  In order to establish a claim of sexual harassment based on the charge that Ms. Vaupel subjected him to a sexually hostile work environment, Mr. Howard must prove each of the following elements to you by a preponderance of the credible evidence:

1.  he was subjected to unwelcome sexual advances, requests for sexual conduct, or other overtly sexual behavior;

2.  the sexual conduct was sufficiently severe or pervasive to alter the conditions of Mr. Howard's employment and create a sexually abusive or hostile work environment;

3.  Mr. Howard himself perceived the working environment to be abusive or hostile; and,

4.  a reasonable man in Mr. Howard's circumstances would consider the working environment to be abusive or hostile.

I will instruct you further on each of these elements.

Authority:

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a)(1); Massachusetts General Laws, c. 151B, §§ 1(18)(a); <u>Conto v. Concord Hosp., Inc.</u>, 265 F.3d 79, 82 (1st Cir. 2001); <u>Ramsdell v. Western Massachusetts Bus Lines, Inc.</u>, 415 Mass. 673, 678-679 (1993).

Instruction 11  <u>SEXUAL HARASSMENT - QUID PRO QUO</u>

      Mr. Howard also alleges that he suffered adverse employment actions because of his refusal to submit to Ms. Vaupel's sexual advances.  In order to establish a claim of *quid pro quo* sexual harassment, Mr. Howard must prove each of the following elements by a preponderance of the evidence:

1.  he was subjected to unwelcome sexual advances, requests for sexual conduct, or other overtly sexual behavior;

2.  there was an adverse tangible employment action; and,

3.  Mr. Howard's rejection of Ms. Vaupel's sexual conduct caused the adverse tangible employment action.

Authority:

<u>Chamberlain v. 101 Realty, Inc.</u>, 915 F.2d 777, 784 (1st Cir. 1990); <u>Massachusetts Commission Against Discrimination Sexual Harassment in the Workplace Guidelines</u> p. 2 (Oct. 2, 2002) (citing, <u>Hinojosa v. Durkee</u>, 19 mdlr 14, 16 (1997); M.G.L. c. 151B, § 1(18)(a)).

Instruction 12  <u>UNWELCOME CONDUCT</u>

In order to prove sexual harassment in violation of M.G.L. c. 151B and Title VII, Mr. Howard must prove that the conduct complained of was unwelcome. In making the factual determination as to whether Mr. Howard was subjected to unwelcome sexual conduct, you must consider whether or not Mr. Howard took offense to the conduct and the degree to which he initiated or was a willing participant in the conduct.

Authority:

<u>College-Town Division of Interco, Inc. v. MCAD</u>, 400 Mass. 156, 158-159 (1987); <u>Ramsdell v. W. Mass. Bus Lines, Inc.</u>, 415 Mass. 673 (1993).

Instruction 13  <u>CONDUCT OF A SEXUAL NATURE</u>

In order to prove sexual harassment in violation of both Chapter 151B or Title VII, the conduct complained of must be of a <u>sexual</u> nature.   Irritating, eccentric, anti-social, juvenile, unprofessional, or even hostile conduct from a supervisor does not constitute sexual harassment or sex discrimination.  If you find that the conduct complained of by Mr. Howard is not of a sexual nature, you must find for the company on the sexual harassment claims.  Even if you conclude that Mr. Howard  was reasonably upset about some of Ms. Vaupel's conduct, this does not prove his case unless you also conclude that the conduct was sexual in nature.

Authority:

Johnson v. Tower Air, Inc., 149 F.R.D. 461, 469 (E.D.N.Y. 1993) ("[b]ehavior that is immature, nasty, or annoying, without more, is not actionable as sexual harassment); Porras v. Montefiore Med. Ctr., 742 F. Supp. 120, 127 (S.D.N.Y. 1990) ("[u]nfair, overbearing, or annoying treatment of an employee, standing alone, cannot constitute a Title VII sex discrimination claim"); Christoforou v. Ryder Truck Rental, Inc., 668 F. Supp. 294, 302-303 (S.D.N.Y. 1987) (not illegal for employer to dislike an employee or to conduct himself in an immature and hostile manner, so long as gender is not the motivating factor); Vermett v. Hough, 627 F. Supp. 587, 607 (W.D. Mich. 1986) (childish behavior does not constitute sexual harassment).

Instruction 14  HOSTILE WORK ENVIRONMENT - SEVERE AND PERVASIVE

In order to prove that the Company created and/or tolerated a sexually hostile working environment, Mr. Howard must show that the conduct he complains of was sufficiently severe and pervasive to create a working environment that was abusive and hostile. Pervasiveness means a continuing pattern of offensive sexual conduct that is perpetuated or condoned by the employer. Casual comments or accidental or sporadic conversation are insufficient to constitute a pervasive, hostile environment. Unless you find that the alleged conduct constituted a pattern of sexual harassment that created a pervasively abusive work environment for Mr. Howard, you must find for the Company.

Authority:

College-Town v. MCAD, 400 Mass. 156, 162 (1987); LaFleur v. Bird-Johnson Co., No. 93-703, 1994 WL 878831 at *5 (Mass. Super. Ct. Nov, 3, 1994); Ramsdell v. Western Mass. Bus Lines, Inc., 13 MDLR 1087, 1113 (1991), aff'd, 415 Mass. 673 (1993) (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986)); King v. Abdow Corp., 1996 MCAD 244, 247 (1996) ("'[a] hostile work environment occurs where the offensive conduct is so pervasive as to alter the conditions of the Complainant's employment, so as to create a barrier to the Complainant's full and untrammeled participation in the workplace'") (citation omitted); Chamberlin v. 101 Realty, Inc., 915 F.2d 777, 783 (1st Cir. 1990) ("an isolated sexual advance, without more, does not . . . demonstrate an abusive workplace environment"); Scott v. Sears, Roebuck & Co., 798 F.2d 210, 214 (7th Cir. 1986) (conduct and comments too isolated and lacking in repetitive effect necessary to maintain hostile working environment claim); Vermett v. Hough, 627 F. Supp. 587, 605-606 (W.D. Mich. 1986) (ordinarily more than one incident required to maintain hostile working environment claim).

Instruction 15  HOSTILE WORK ENVIRONMENT - OBJECTIVE TEST

In demonstrating that the alleged sexual harassment is sufficiently severe and pervasive to create a hostile work environment, Mr. Howard must meet both an objective and a subjective test. Under the objective test, the conduct is evaluated from the standpoint of a <u>reasonable person</u> in a similar employment environment under similar circumstances. Thus, it is not enough that Mr. Howard may be unusually sensitive and for that reason found the environment to be hostile, if his belief is not one that would be shared by a reasonable person under similar circumstances. This is what we call an objective test -- a reasonable person test -- that the conduct must be severe and pervasive enough to cause a reasonable person in Mr. Howard's position to feel that the working environment was sexually hostile. This should be considered with regard to the totality of the circumstances, not one incident. Accordingly, a proper assessment of the employment environment requires consideration of such objective factors as the nature of the specifically alleged harassment, the background and experience of the people involved, and the totality of the evidence concerning Mr. Howard's working environment.

Authority:

Gnerre v. MCAD, 402 Mass. 502, 507 (1988); see also Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 69 (1986); Henson v. City of Dundee, 682 F.2d 897, 901-905 (11th Cir. 1982); Vermett v. Hough, 627 F. Supp. 587, 605 (W.D. Mich. 1986).

Instruction 16  HOSTILE WORK ENVIRONMENT – SUBJECTIVE TEST

It is not enough to prove that a reasonable person in Mr. Howard's position would have found the working environment to be severely and pervasively hostile.  Mr. Howard must also meet the subjective test by proving by a preponderance of the credible evidence that conduct he claims constituted sexual harassment was <u>actually</u> offensive <u>to him</u>.  If Mr. Howard did not take offense at the conduct, you may not find for the plaintiff on his claim of hostile work environment sexual harassment, even if others would have found the conduct to be offensive.

Authority:

Conto v. Concord Hospital, Inc., 265 F.3d 79, 82-83 (1st Cir. 2001); Ramsdell v. Western Mass. Bus Lines, Inc., 415 Mass. 673, 677-79 (1993).

Instruction 17  <u>TITLE VII:  REASONABLE STEPS TO END HARASSMENT</u>

In order to prove sexual harassment under Title VII, Mr. Howard must prove that he attempted to avail himself of the Company's internal mechanism for resolving complaints of sexual harassment.  If you conclude that Mr. Howard unreasonably failed to raise his complaints of sexual harassment with the Company, you must find for the Company in his claim of sexual harassment in violation of Title VII.

Authority:

<u>Farragher v. City of Boca Raton</u>, 524 U.S. 775, 806-807 (1998); <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742 (1998).

Instruction 18  <u>RETALIATION</u>

In addition to Mr. Howard's claims of sexual harassment, he also alleges that the Company unlawfully retaliated against him because he complained about sexual harassment. In order to establish a claim of retaliation, Mr. Howard must prove each of the following elements by a preponderance of the evidence:

1.  he reasonably and in good faith believed the Company was engaged in wrongful discrimination;

2.  he acted reasonably in response to that belief;

3.  he suffered an adverse employment action; and

4.  the Company's desire to retaliate against Mr. Howard for making a sexual harassment complaint was the cause of the adverse employment action.

I will instruct you further on some of these elements.

Authority:

M.G.L. c. 151B, §4(4); <u>Lewis v. Gillette Co.</u>, 22 F.3d 22, 24 (1st Cir. 1994); <u>Petitti v. New England Tel. & Tel. Co.</u>, 909 F.2d 28, 33 (1st Cir. 1990).

Instruction 19  <u>RETALIATION - ADVERSE EMPLOYMENT ACTION</u>

An adverse action is an action that has a negative effect on the terms and conditions of an employee's employment.  For example, demotion and termination are examples of adverse employment actions.  However, voluntary resignation is not an adverse employment action.

Authority:

Lee-Crespo v. Schering-Plough Del Caribe, Inc., 354 F.3d 34 (1st Cir. 2003); Reed v. MBNA Mktg. Sys., Inc., 333 F.3d 27 (1st Cir. 2003) (no tangible employment action where employee resigned); Lewis v. Gillette Co., 22 F.3d 22 (1st Cir. 1994); Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 33 (1st Cir. 1990).

Instruction 20  <u>RETALIATION MUST BE TANGIBLE AND REAL</u>

Mr. Howard must also prove that the conduct complained of as retaliation is real and tangible.  You must not consider the subjective and intangible impressions of Mr. Howard.  For example, subjective feelings of disappointment or disillusionment concerning an employment action do not constitute an adverse employment action.  If you find that the plaintiff has failed to provide evidence of retaliation beyond his subjective belief, you must find for the Company on the plaintiff's claim for retaliation.

Authority:

<u>Bain v. City of Springfield</u>, 424 Mass. 758, 765-766 (1997); <u>MacCormack v. Boston Edison Co.</u>, 423 Mass. 652, 663-64 (1996); <u>Michel v. Factory Mut. Eng'g Corp.</u>, No. 90-939, 1998 WL 7265000 at *10 (Mass. Super. Ct. Oct. 2, 1998); <u>Lewis v. Gillette Co.</u>, 22 F.3d 22, 25 (1st Cir. 1994).

Instruction 21  <u>LEGITIMATE BUSINESS REASON FOR ADVERSE EMPLOYMENT</u>
                <u>ACTION</u>

Mr. Howard's claims of *quid pro quo* sexual harassment and retaliation require proof of

an adverse employment action motivated by unlawful discrimination.  Even if you decide that

Mr. Howard was subjected to an adverse employment action, you must still decide whether the

company had a legitimate, nondiscriminatory explanation for the adverse employment action

taken against Mr. Howard.  If the defendant had a legitimate, nondiscriminatory explanation for

the employment action taken against Mr. Howard, then you must find in favor of the Company

on Mr. Howard's claims of *quid pro quo* sexual harassment and retaliation unless Mr. Howard

proves by a preponderance of the evidence that the Company's alleged explanation is merely a

pretext for impermissible discrimination.

In order to prove that the company's alleged explanation is a pretext for impermissible

discrimination, Mr. Howard must show both that the Company's explanation is false and that

discrimination was the real reason for the company taking the adverse tangible employment

action against Mr. Howard.

Authority:

Federal Jury Practice and Instructions, Civil Vol. 3C, §§ 171.21, 171.23 (5th ed. 2001); 8th Cir.
Civil Jury Instr. § 5.41 (2001); 9th Cir. Civil Jury Instr. § 13.7 (2001).

Instruction 22  MIXED MOTIVE/DETERMINING FACTOR

Sometimes employment decisions are motivated by a combination of factors, some of which may be unlawfully discriminatory and some of which are not.  In order for you to find that the Company retaliated against Mr. Howard, Mr. Howard must prove to you that his complaint of sexual harassment was a "determining factor" in an adverse employment action against him. The phrase "determining factor" means that, but for his complaint of sexual harassment, the adverse employment action he complains of would not have been made.  Mr. Howard is only entitled to prevail if he proves by a preponderance of the credible evidence that he would not have been terminated if he had not complained about sexual harassment.

Likewise, in order for you to find that Mr. Howard was subjected to *quid pro quo* sexual harassment, Mr. Howard must prove to you that his objection to Ms. Vaupel's sexual advances was a "determining factor" in an adverse employment action against him.  Mr. Howard is only entitled to prevail if he proves by a preponderance of the credible evidence that there was an adverse employment action that would not have occurred if he had not objected to Ms. Vaupel's sexual harassment.

Authority:

Price Waterhouse v. Hopkins, 490 U.S. 228, 244-47 (1989); Goldman v. First National Bank of Boston, 985 F.2d 1113, 1117 (1st Cir. 1993); Johansen v. NCR Comten, Inc., 30 Mass.App.Ct. 294, 300-302 (1991).

Instruction 23  <u>BUSINESS JUDGMENT</u>

It is not the Company's burden to prove the absence of discrimination.  While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the employer's given reason for an action was a pretext for illegal discrimination.  The employer's stated legitimate reason must be reasonably articulated and non-discriminatory, but it does not have to be a reason that the judge or jurors would act on or approve.  An employer is entitled to make its own policies and business judgments.

Your focus here must be on the employer's motivation and not on its business judgment.  Mr. Howard must show more than that the employer made an unwise business decision.  Mr. Howard must prove that the Company intentionally discriminated against him.  Good faith errors in an employer's business judgment are not evidence of harassment or discrimination.

Authority:

Jackson v. Harvard University, 900 F.2d 464 (1st Cir. 1990), cert. denied, 111 S. Ct. 137 (1990); Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5 (1990); Freeman v. Package Machinery Co., 865 F.2d 251 (1st Cir. 1986).

Instruction 24  <u>AFTER ACQUIRED EVIDENCE</u>

If an employer takes an adverse employment action against an employee for a discriminatory reason, and later discovers a legitimate reason which it can prove would have led it to take the same action, the employer is still liable for the discrimination, but the relief that the employee can recover may be limited.  You have heard evidence that the Company would have discharged the plaintiff for threatening to slit union representative Steve Ruiz's throat with a razor blade soon after he was terminated.  If the defendant proves by a preponderance of the evidence that it would have discharged Mr. Howard for threatening Steve Ruiz on October 3, 2003, you should limit any award of back pay to the date the Company would have made the decision to discharge the plaintiff as a result of this incident.

Authority:

<u>McKennon v. Nashville Banner Publishing Co.</u>, 513 U.S. 352 (1995).

Instruction 25  <u>DAMAGES -  INTRODUCTION</u>

I will now instruct you on the subject of damages.  The fact that I am about to discuss damages does not indicate, and should not be considered by you, as any indication that I favor a verdict for the plaintiff.  This Court is neutral and is only interested in helping you reach a just and true verdict based on the believable evidence.  What verdict you find is entirely in your hands.  But since I cannot tell how you are going to decide this case, it is necessary that you know how to calculate damages in the event that you do conclude that Mr. Howard has proven any or all of his claims by a preponderance of the credible evidence.

Instruction 26  <u>DAMAGES - SPECULATION INSUFFICIENT</u>

Although mathematical exactitude of proof is not required, Mr. Howard bears the burden of proving his damages with a reasonable degree of certainty before a damages award can be made.  Mr. Howard's damages must be based on reasonable and probable findings of fact, and not on mere speculation or conjecture.  Mr. Howard must provide you with an adequate basis for calculating the amount of his damages.  As with other elements of his case, Mr. Howard is required to prove the existence and amount of damages by a preponderance of the evidence. If he does not prove his damages by a preponderance of the evidence, he is not entitled to a damages award.

Authority:

<u>Conway v. Electro Switch Corp.</u>, 402 Mass. 385, 388 (1988).

Instruction 27  <u>NO DAMAGES BASED ON SYMPATHY</u>

In awarding damages, you must not speculate, guess or conjecture.  Neither can you award damages as punishment against the Company because of any sympathy you may feel toward Mr. Howard.

Instruction 28  <u>DAMAGES - GENERALLY</u>

I now will instruct you as to the type of damages, if any, you may award to the plaintiff if he proves his claims of sexual harassment and retaliation.

The purpose of M.G.L. c. 151B and Title VII is to make a plaintiff whole, by placing him in the same situation he would have been in if the defendant had not discriminated against him. The statute is not intended to punish a defendant, nor to grant a windfall to the plaintiff.

Authority:

<u>Conway v. Electro Switch Corp.</u>, 402 Mass. 385, 388 (1988); <u>Denton v. Boilermakers Local 29</u>, 673 F. Supp. 37, 40-41 (D. Mass. 1987) (citing <u>Ford Motor Co. v. EEOC</u>, 485 U.S. 219, 230 (1982).

Instruction 29  DAMAGES - BACK PAY GENERALLY

If you find that Mr. Howard has proven one or more of his claims by a preponderance of the credible evidence, the law permits you to award certain damages.  Back pay is a form of damages representing the wages and any benefits Mr. Howard would have received if he had not been terminated and he continued to work the same number of hours for the Company, minus what he actually earned after his termination at another job.

Remember, in measuring damages, that the burden is on Mr. Howard to prove, with reasonable certainty, the dollar amount of his damages, that is, what he would have earned at the Company had he not been terminated.  You may not engage in speculation about what Mr. Howard's damages might be.  It is very important for you to remember that before you may even consider the issue of back pay, you must have found that the Company unlawfully discriminated against Mr. Howard.

Authority:

Fitzpatrick v. Boston Police Dep't, 18 MDLR 29, 30 (1996); Denton v. Boilermakers Local 29, 673 F. Supp. 37, 40-41 (D. Mass. 1987).

Instruction 30  <u>DAMAGES – BACK PAY – DUTY TO MITIGATE</u>

The law does not permit someone, even if he has been discriminated against, to simply remain idle.  The law requires that a plaintiff in an employment discrimination case make every reasonable effort to minimize or reduce his damages for loss of compensation by seeking other employment.  This is called mitigation of damages.

Please remember that in calculating Mr. Howard's back pay, you must deduct from the amount he would have earned if not terminated by the Company the amount he actually earned after leaving the Company.  To the extent that there has been evidence that Mr. Howard lost future work with the Company as a result of his threats to union representative Steven Ruiz, this should not be held against the Company in determining Mr. Howard's damages, if any.

Authority:

<u>Conway v. Electro Switch Corp.</u>, 402 Mass. 385, 389 (1988); <u>Di Salvo v. Chamber of Commerce of Greater Kansas City</u>, 568 F. 2d 593, 597-98 (8th Cir. 1978); <u>Wayland v. Middlesex County Retirement Bd.</u>, No. 96-2101, 2000 WL 33170806 at *2 (Mass. Super. Ct. Oct. 7, 2000).

Instruction 31  <u>DAMAGES - BACK PAY - DUTY TO MAINTAIN EMPLOYMENT</u>

  If you find that Mr. Howard did, in fact, find similar employment but failed to maintain the job because he voluntarily quit or was fired, then you may not award him back pay for any time during which he would have been earning money if he had not quit or been fired.

Authority:

<u>Di Salvo v. Chamber of Commerce of Greater Kansas City</u>, 568 F.2d 593, 597 (8th Cir. 1978); <u>NLRB v. Aycock</u>, 377 F. 2d 81, 87-88 (5th Cir. 1967); <u>Nabors v. NLRB</u>, 323 F.2d 686, 692-93 (5th Cir. 1963); <u>Brady v. Thurston Motor Lines, Inc.</u>, 753 F.2d 1269, 1273 (4th Cir., 1985); <u>NLRB v. Miami Coca-Cola Bottling Co.</u>, 360 F.2d 569, 575 (5th Cir. 1966); <u>EEOC v. Delight Wholesale Co.</u>, 765 F. Supp. 583, 588 (W.D. Mo. 1991).

Instruction 32  DAMAGES - BACK PAY - CALCULATING AMOUNT

If you do determine that Mr. Howard should be awarded back pay damages, you must

calculate the amount of damages he is owed.  Remember, in measuring damages, that the burden

is on Mr. Howard to prove, with reasonable certainty the dollar amount of his damages, that is,

what he would have earned had he remained employed by the Company.

If you determine that Mr. Howard is entitled to any back pay damages, you must reduce

these damages by (1) what Mr. Howard earned in any other positions since he left American

Overseas Marine Corporation; and (2) what else Mr. Howard could have earned by reasonable

efforts during the period since he left the company and the date of this trial.

Authority:

Conway v. Electro Switch, 402 Mass. 385, 387-388 (1988); Denton v. Boilermakers Local 29,
673 F. Supp. 37, 40-41 (D. Mass. 1987); Buckley Nursing Home v. MCAD, 20 Mass.App.Ct.
172, 185 (1985).

Instruction 33  DAMAGES – MITIGATION – PLAINTIFF'S DUTY TO AVAIL HIMSELF OF
EMPLOYER'S PREVENTIVE PROCESS

      If you find that Mr. Howard unreasonably failed to avail himself of the company's

mechanism for reporting and resolving complaints of sexual harassment, you must not award

damages to Mr. Howard that could have been avoided had he done so.

Authority:

Faragher v. City of Boca Raton, 524 U.S. 775, 806-807 (1998); Burlington Industries, Inc. v.
Ellerth, 524 U.S. 742 (1998).

Instruction 34  <u>DAMAGES - FRONT PAY</u>

If you find that Mr. Howard met his burden of proving unlawful discrimination by a preponderance of the evidence, you may consider whether or not he is entitled to an award of front pay.  Front pay is a projection into the future for the amount of salary and benefits Mr. Howard would have earned at the Company had unlawful discrimination not occurred.  To do this, you must consider how long Mr. Howard would have stayed as an employee of the Company.  An award of front pay damages is not required even if you find unlawful discrimination has occurred.  Further, Mr. Howard must prove with reasonable certainty the amount of lost front pay to which he is entitled.

In making these calculations of front pay damages, if any, you must reduce your award by the amount of money Mr. Howard is likely to earn during the same time period that you project front pay.  Remember that damages may not be determined by speculation or guess.  They must be causally related to the defendant's' wrongdoing, and the plaintiff must not be made more than whole.  The further ahead in time you go to calculate a front pay award, the less likely it is that the loss of future earnings can be demonstrated with any degree of certainty or be attributed reasonably to the wrongdoing of an employer.

As with back pay, you must consider Mr. Howard's duty to mitigate when considering front pay.  Any front pay award should reflect the likelihood that Mr. Howard will obtain full-time employment in the future. To the extent that there has been evidence that Mr. Howard lost future work with the Company as a result of his threats to Steven Ruiz, this should not be the basis for awarding Mr. Howard front pay.

<u>DAMAGES - FRONT PAY, cont.</u>

Finally, any front pay award must be reduced to present value.

Authority:

<u>Conway v. Electro Switch Corp.</u>, 402 Mass. 385, 388-389 (1988); <u>Handrahan v. Red Roof Inns, Inc.</u>, 43 Mass.App.Ct. 13, 23 n.18, <u>review</u> <u>denied</u>, 425 Mass. 1107 (1997).

Instruction 35  <u>EMOTIONAL DISTRESS DAMAGES</u>

   If you find that Mr. Howard has met his burden of proving by a preponderance of the credible evidence that he was subjected to sexual harassment and/or retaliation, and you find that the plaintiff actually suffered emotional distress as a direct result of this discrimination and not for some other reason, you may award emotional distress damages.  To do so, you must find that there is substantial evidence supporting the inference that a reasonable person in the plaintiff's position would have suffered emotional distress as a natural and probable result of conduct for which the Company is responsible, and that any emotional distress allegedly suffered by Mr. Howard was, in fact, caused by the defendant, and not caused any other stressful events in the plaintiff's life, such as prosecution of this case.  Substantial evidence is such evidence as a reasonable mind would accept as adequate to support the conclusion that the plaintiff suffered emotional distress as a direct result of the Company's actions.  You must not be influenced by partiality, prejudice or mistake in awarding emotional distress damages.  A finding of discrimination alone does not justify the award of emotional distress damages.

Authority:

Massachusetts General Laws c. 151B, §1 et seq..

Instruction 36  <u>PUNITIVE DAMAGES</u>

If you determine that the Company discriminated against Mr. Howard, you may award punitive damages, but only if you find that Mr. Howard has proven by a preponderance of the credible evidence that the Company not only acted with discrimination, but that its discrimination was willful, malicious or carried out with reckless indifference.

I instruct you that punitive damages are not favored in the law and may be awarded only after cautious and thoughtful consideration of all the evidence in the case. You need not award any punitive damages if you find that such an award is not warranted by the Company's state of mind in taking the actions they took. If you determine that punitive damages should be considered, you may only award them within the narrow limits which I will now explain.

Punitive damages may be awarded only where a party has acted willfully. Punitive damages are intended to punish a wrongdoer for malice or reckless indifference and to serve as an example and warning to others. Even if you find that discrimination occurred, it does not necessarily mean that the Company acted with malice or reckless indifference. In other words, evidence that a defendant committed a wrongful act and is liable is not, in and of itself, enough evidence to justify the award of punitive damages.

Authority:

M.G.L. c. 151B, §9; <u>Dalis v. Buyer Adver., Inc.</u>, 418 Mass. 220, 224 (1994) ("In egregious cases, [151B] also provides the legal remedy of punitive damages."); <u>Fontaine v. Ebtec Corp.</u>, 415 Mass. 309 (1993) (authorizing the recovery of punitive damages in a discrimination case).