UNITED STATES COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Lawrence Howard, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 04-11169 REK |
| vs. | ) | |
| | ) | |
| American Overseas Marine | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S REQUESTED JURY INSTRUCTIONS

Now comes the Plaintiff, Lawrence Howard, Jr. ("Howard"), by his attorney, and respectfully submits herein his proposed jury instructions.

Respectfully submitted,
Lawrence Howard, Jr.
By his attorney,

_____
Paul F. Wood, BBO No. 565195
Law Office of Paul F. Wood, P.C.
45 Bowdoin Street
Boston, MA 02114
(617) 532-2666

JURY INSTRUCTION NO.   :

The Plaintiff, Lawrence Howard, has brought several claims against the Defendant, American Overseas Marine Corporation ("AMSEA") concerning his employment with AMSEA as a Chief Cook aboard an AMSEA vessel, the Motor Vessel Sargeant William R. Button ("M/V Button").

The Plaintiff, Mr. Howard bears the burden of proof in each of his claims against AMSEA. The Plaintiff's burden of proof in this case is to prove his case by a preponderance of the evidence. This simply means that, after consideration of all the evidence, you believe that what is sought to be proven is more likely true than not.

3 Fed. Jury Prac. & Instr. § 101.41 (5th ed.)

JURY INSTRUCTION NO.    :

You are to consider only the evidence in this case, but in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you have seen here as the witnesses testify. You are permitted to draw from the facts which you find have been proven such reasonable assumptions as are justified.

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of this case. One is direct evidence, such as the testimony of any eye witness or the admission of a document; the other is indirect or circumstantial evidence, the proof of a chain of circumstances point to the existence or non-existence of certain facts. As a general rule, the law makes no distinction between facts established by direct evidence, and facts established by indirect or circumstantial evidence.

Michalic v. Cleveland Truckers, Inc., 364 U.S. 325, 330 (1960).

JURY INSTRUCTION NO.   :

The testimony of a single witness which produces in your mind a belief in the likelihood of truth is sufficient for the proof of any fact and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold a greater belief in the accuracy and reliability of the one witness.

The test is not which side brings the greater quantity of evidence, but which witnesses and evidence appeal to your minds as the most accurate and otherwise trustworthy.

Modern Federal Jury Instructions, Para. 73.01.

<u>JURY INSTRUCTION NO.   :</u>

This case involves Mr. Howard's protected civil rights under federal and state law. As both federal and state law in this area are the same, I will instruct you regarding these laws together.

Mr. Howard alleges that he was subjected to a sexually hostile work environment by his direct supervisor, Nancy Vaupel.

Mr. Howard also alleges that Ms. Vaupel subjected him to what is called *quid pro quo* sexual harassment.

Mr. Howard also alleges that he was retaliated against for refusing Ms. Vaupel's advances, and for reporting them to the ship's captain, Michael Mahoney.

Mr. Howard also alleges that he was retaliated against for reporting and otherwise complaining about racial discrimination against Steward Assistant Avis Hawkins.

Mr. Howard alleges that this discrimination and retaliation culminated in his involuntary termination from AMSEA after falsely being accused of assaulting Ms. Vaupel.

JURY INSTRUCTION NO.    :

Under federal and Massachusetts law it is unlawful to subject an employee to sexual harassment. Sexual harassment can consist of what is called hostile environment harassment and what is called *quid pro quo* sexual harassment.

Crowley v. L.L. Bean, Inc., 303 F.3d 387, 395 (1st Cir.2002);

Mass.G.L. c. 151B § 4(16A)

JURY INSTRUCTION NO.    :

In order to be successful on his hostile work environment claim, Mr. Howard must prove by a preponderance of the evidence that he was subjected to unwelcome sexual harassment and that the harassment was both subjectively and objectively severe and offensive such that it unreasonably interfered with his work performance. Unwelcome sexual harassment may include sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature.

Hostile environment harassment from an employee's supervisor is particularly egregious because supervisors who create a sexually harassing work environment present a serious barrier to that goal. Harassment by a supervisor stigmatizes an employee, and appears to reflect an attitude of the employer that the employee is not considered equal to other employees. In addition, harassment by a supervisor carries an implied threat that the supervisor will punish resistance through exercising supervisory powers, which may range from discharge to assignment of work, particularly exacting scrutiny, or refusal to protect the employee from coworker harassment.

Finally, where a plaintiff endures harassing conduct, although not explicitly sexual in nature, which undermines his or her ability to succeed at his or her job, those acts should be considered along with overtly sexually abusive conduct in assessing a hostile work environment claim.

Crowley v. L.L. Bean, Inc., 303 F.3d 387, 395 (1st Cir.2002) (quotations omitted).

Mass.G.L. c. 151B § 1(18)

College-Town, Div. of Interco, Inc. v. Massachusetts Com'n Against Discrimination, 400 Mass. 156, 166, 508 N.E.2d 587, 593 (Mass. 1987)

Marrero v. Goya of Puerto Rico, Inc., 304 F.3d 7, 20 (1st Cir. 2002),

JURY INSTRUCTION NO.     :

If you find, by a preponderance of the evidence, that Mr. Howard was subjected to a sexually hostile work environment, then you must find that AMSEA violated Massachusetts General Laws, Chapter 151B.

Mr. Howard is required to show that (1) co-workers and/or supervisory employees of AMSEA made unwelcome comments, jokes, acts and/or other verbal or physical conduct of a sexual nature; (2) this conduct had the effect of creating an intimidating, hostile, or offensive working environment for Mr. Howard or unreasonably interfered with his work; and (3) that AMSEA knew or should have known of the conduct.

In deciding whether the conduct was unwelcome harassment, you must consider whether the conduct was subjectively offensive to Mr. Howard as well as whether it would offensive to a reasonable person in Mr. Howard's position.

Knowledge of or participation by AMSEA supervisory employees in the harassment constitutes knowledge of the harassment by AMSEA. As a matter of law, I am instructing you that Ms. Vaupel was a supervisory employee with AMSEA.

As I stated above, hostile environment harassment is particularly egregious when inflicted by supervisory or managerial employees. Because of this, federal and Massachusetts law imposes strict liability on an employer for harassment committed by its supervisors.

This means that if you find, by a preponderance of the evidence, that Ms. Vaupel participated in the harassment, then you must find that AMSEA is liable for the damages to Mr. Howard.

College-Town, Division of Interco, Inc. v. Mass. Comm'n Against Discrimination, 400 Mass. 156 (1987).

Faragher v. City of Boca Raton, 524 U.S. 775, 806 (1998).

Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993).

Sarin v. Raytheon Co., 905 F.Supp. 49 (D.Mass. 1995).

College-Town, Division of Interco, Inc. v. Massachusetts Commn. Against Discrimination, 400 Mass. 156, 169, 508 N.E.2d 587 (1987)

JURY INSTRUCTION NO.    :

In order to be successful on his *quid pro quo* sexual harassment claim, Mr. Howard must prove by a preponderance of the evidence that Ms. Vaupel used employer processes to punish a subordinate for refusing to comply with her sexual advances. *Quid pro quo* sexual harassment occurs where submission to or rejection of such advances, requests or conduct is made either explicitly or implicitly a term or condition of employment or as a basis for employment decisions.

Hernandez-Loring v. Universidad Metropolitana  233 F.3d 49, 52 (1st Cir. 2000) (supervisory employee made advances towards plaintiff which were rebuffed, and then used his position to block the plaintiff's promotion); Wills v. Brown Univ., 184 F.3d 20, 25 (1st Cir.1999); Lipsett v. University of Puerto Rico, 864 F.2d 881, 897 (1st Cir.1988).

Mass.G.L. c. 151B § 1(18)

JURY INSTRUCTION NO.      :

As I stated above, Mr. Howard has also alleged that he was retaliated against after he complained that he complained of harassment against himself and discrimination against Ms. Hawkins.

Retaliation for complaining of discrimination creates an additional barrier to equal employment. The law forbids an employer from retaliating against an employee who complains of discrimination. The law is designed to protect an employee who is simply doing that which the law provides is her right. Unlawful retaliation is an additional and distinct cause of action for which Mr. Howard may seek damages.

Ruffino v. State Street Bank and Trust Co., 908 F.Supp. 1019, 1044 (D.Mass. 1995). Bain v. City of Springfield, 424 Mass. 758, 765-766 (1997).

JURY INSTRUCTION NO.____:

      In order to find that Mr. Howard has been retaliated against by AMSEA, you need not find that he was, in fact, sexually harassed or that Ms. Hawkins was discriminated against. You need only find that he believed in good faith that he had been harassed or that Ms. Hawkins had been the victim of unlawful discrimination. Therefore, even if you find that Mr. Howard was not sexually harassed or that Ms. Hawkins was discriminated against, you may still find that he was the victim of unlawful retaliation.

Bain v. Springfield, 424 Mass. 758, 765 (1997).

Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848 (1st Cir. 1998. Wyatt v. City of Boston, 35 F.3d 13 (1st Cir. 1994).

JURY INSTRUCTION NO.       :

In order to prove retaliation, Ms. Howard must prove, by a preponderance of the evidence, that: (1) he complained to supervisory employees about what he reasonably believed to be sexual harassment against himself or discrimination against Ms. Hawkins; (2) that he suffered adverse employment actions after his complaints; (3) that there was a causal link or connection between her complaints and the adverse employment actions that he was subjected to; (4) and that the real reason for the adverse action was retaliation.

As a matter of law, I am instructing you involuntary job termination constitutes an adverse employment action.

Noviello v. City of Boston, 398 F.3d 76, 90-91 (1st Cir. 2005).

Ruffino v. State Street Bank and Trust Co., 908 F.Supp. 1019, 1044 (D.Mass. 1995).

Bain v. City of Springfield, 424 Mass. 758, 765-766 (1997).

Daigle v. NECX, Inc., 2001 WL 1199868 (Mass. Superior 2001).

<u>JURY INSTRUCTION NO.    </u>:

  A causal link means that the complaint and the adverse employment actions are not wholly unrelated. You may consider the timing between Mr. Howard's complaints and any alleged adverse employment action that he received.

<u>Noviello v. City of Boston</u>, 398 F.3d 76, 86 (1st Cir. 2005).

<u>Mole v. Univ. of Mass.</u>, 442 Mass. 582 (2004).

JURY INSTRUCTION NO. ___:

It is not determinative that the actual decision maker who terminated Mr. Howard possessed a retaliatory motive against him. Evidence that a Mr. Vaupel acted with such a motive and her actions impermissibly influenced the decision to terminate Mr. Howard, you may conclude that AMSEA retaliated against Howard.

Cariglia v. Hertz Equipment Rental Corp. 363 F.3d 77, *88 (C.A.1 (Mass.),2004).

In Cariglia, the plaintiff was allegedly terminated for performance issues. The plaintiff produced evidence that his supervisor, *not the final decision-maker*, had an age-based animus against him. During the investigation leading up to the decision to terminate the plaintiff, his supervisor withheld information which would have exonerated him. Id., at 80-82.

The First Circuit found that when a supervisor because of a discriminatory animus, impermissibly influences a decision-maker's determination to terminate an employee, liability can attach to the employer itself, regardless of whether the decision-maker possessed a discriminatory animus. Id., at 85-88. Although Cariglia involved Massachusetts law, the First Circuit relied upon other First Circuit and federal decisions in reaching it conclusion. See, Conway v. Electro Switch Corp., 825 F.2d 593, 597 (1st Cir.1987); Cummings v. Standard Register Co., 265 F.3d 56 (1st Cir.2001); Freeman v. Package Machinery Co., 865 F.2d 1331, 1342 (1st Cir.1988) ("[t]he inquiry into a corporation's motives need not artificially be limited to the particular officer who carried out the action."). Compare, Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 10 (1st Cir.1990) (the "biases of one who neither makes nor *influences* the challenged personnel decision are not probative in an employment discrimination case," implying that the biases of those who do make or influence the employment decision are probative).

JURY INSTRUCTION NO.        :

    If you find that AMSEA is liable to Mr. Howard under any of the above claims, you will then consider the measure of Mr. Howard's damages.

    You may award Mr. Howard damages, that is money, for the following categories:

1.    Lost Wages:

    If you find for Mr. Howard, you must award to him an amount equal to the pay and benefits he would have received from AMSEA if he had not been sexually harassed and/or retaliated against to the present time, less pay that he has actually earned during this period.

2.    Front Pay:

    In addition to back pay, you may award Mr. Howard what is called "front pay", that is lost wages which you believe Mr. Howard is reasonably likely to incur as a result of the sexual harassment and/or retaliation.

3.    Emotional Pain and Suffering:

    Mr. Howard is entitled to money damages for the pain, humiliation or anguish he may have suffered as a result of sexual harassment and/or retaliation. You must decide if Mr. Howard suffered pain, humiliation, embarrassment and/or anguish and if so what amount of money would reasonably compensate him for what he endured and/or continues to endure. You may consider how painful the experience was and the length of time Mr. Howard suffered pain resulting from the sexual harassment and/or retaliation.

5.    Punitive Damages:

    If you find that AMSEA's conduct was wilful, wanton, or malicious you may award Mr. Howard what are called punitive damages. The purpose of punitive damages is to punish a wrongdoer for its actions and to deter them from engaging in similar conduct in the future.

In deciding what amount of punitive damages to award Mr. Howard, you should consider:

(a) How offensive was the AMSEA's conduct;

(b) What are its financial resources;

(c) What amount would sufficiently punish it so as to prevent a repetition of such actions.

You may award punitive damages even if you find for Mr. Howard but do not award any other damages.

Mims v. Wilson, 514 F.2d 106 (5th Cir. 1975);

Burka v. New York City Transit Auth., 747 F.Supp. 214 (S.D.N.Y. 1990);

Knapp v. Whitaker, 757 F.2d 827 (1985), cert. den., 474 U.S. 803;

Baltezore v. Concordia Parish Sheriff's Dept., 767 F.2d 202 (1985), cert. den. 474 U.S. 1065;

Conway v. Electro Switch Corp., 402 Mass. 385 (1985);

Leavitt v. Fiberloid, 196 Mass. 440 (1907);

```
Contardo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 753
F.Supp. 406 (D.Mass. 1990)
```