UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Lawrence Howard, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 04-11169 REK |
| vs. | ) | |
| | ) | |
| American Overseas Marine | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S MOTION IN LIMINE
REGARDING SO-CALLED AFTER ACQUIRED EVIDENCE

Now comes the Plaintiff, Lawrence Howard, Jr. ("Howard"), by his attorney, and respectfully requests that the Court issue an Order precluding the Defendant, its attorneys and witnesses from referring in any manner to or attempting to introduce any evidence concerning so-called after acquired evidence concerning an alleged threat made by the Plaintiff to a union representative subsequent to his termination.

Plaintiff expects Defendant to attempt to offer evidence that the Plaintiff threatened a union representative after his termination and that it would have terminated him because of the threat had he still been employed. See Defendant's Trial Brief, generally.

In fact, the after-acquired evidence rule in the employment context refers to evidence of misconduct *prior* to a plaintiff's termination that was discovered *subsequent* to the termination and is admissible only as it relates to damages. See, McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 362, 115 S.Ct. 879, 886 (U.S.Tenn.,1995).

In the instant action, the alleged threat was only made after the Plaintiff had been

1

terminated. Furthermore, the union representative was only present to allegedly investigate the claims giving rise to this action. In other words, but for the actions of AMSEA as set forth in the Complaint, the union representative would not have been present and the alleged threat would never have been made.

For these reasons, the Plaintiff respectfully requests that the Defendant and its witnesses and attorneys be prohibited from submitted any evidence that the Defendant would have terminated the Plaintiff because of the alleged threat made by the Plaintiff to the union representative.

Respectfully submitted,
Lawrence Howard, Jr.
By his attorney,


/s/Paul F. Wood_____
Paul F. Wood, BBO No. 565195
Law Office of Paul F. Wood, P.C.
45 Bowdoin Street
Boston, MA 02114
(617) 532-2666


LOCAL RULE 37.1 AND 7.1 CERTIFICATION

I, Paul F. Wood, counsel for the Plaintiff, hereby certify that on January 5, 2006 I conferred with counsel for the Defendant in a good faith attempt to narrow or resolve the issues raised in the within motion, but that the said attempt was unsuccessful in whole or in part.

/s/Paul F. Wood_____
Paul F. Wood