UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.................................
                                              .
LAWRENCE HOWARD, JR.,                         .
                                              .
                    Plaintiff,                . CIVIL ACTION NO. 04-11169 (REK)
                                              .
            v.                                .
                                              .
AMERICAN OVERSEAS MARINE                      .
CORPORATION,                                  .
                                              .
                    Defendant.                .
.................................

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY
MOTION FOR CONTINUANCE**

Defendant American Overseas Marine Corporation ("AMSEA") hereby opposes Plaintiff's Emergency Motion for Continuance. A postponement of the trial at this late date will be an undue hardship on AMSEA and prejudice its ability to present its defense in this action, because of the difficulty in securing the testimony of key witnesses, all of whom are available to testify at this time. For the following reasons, Plaintiff's Motion should be denied:

1. The trial date of January 9, 2006 was set on November 4, 2004, fourteen (14) months ago.

2. Due to the nature of AMSEA's merchant marine business, its employees work on ships and are out to sea for months at a time. Its witnesses work on different ships at different times and are scattered throughout the world. At significant expense and logistical difficulty, AMSEA has been able to secure witnesses to testify at this trial, in large part based upon the lengthy advance notice of the trial date. After this trial, AMSEA's witnesses will be back out to sea in various locations throughout

the world. It will be difficult and expensive to coordinate another time in the near future when all of its key witnesses can be assembled together for trial. It would be a grave injustice for AMSEA to have to present its defense without the witnesses it believes are key to the case.

3. AMSEA has already arranged, at significant expense, to have its key witnesses come into Boston specifically for this trial. Moreover, AMSEA has incurred the cost of preparing its trial defense, which it is now set to present. To postpone the trial at this late date would cause the duplication of trial preparation time, by both the attorneys and witnesses, and related costs.

4. Although Plaintiff's counsel has provided scant information about Mr. Howard's situation, and would not disclose the specifics of Mr. Howard's sister's condition, the fact of which AMSEA is aware demonstrates that this is not an unexpected emergency. Plaintiff's counsel informed the Court last week that Mr. Howard has been caring for his sister for some time. Mr. Howard has known of the trial date for the past fourteen (14) months, and should have made arrangements for his sister's care in his absence. Plaintiff's counsel has not provided any information to demonstrate Plaintiff's presence with his sister is a medical necessity. That her condition has declined cannot be viewed as unexpected. Mr. Howard may decide as a matter of priorities that he wishes to be with his sister at this time, but that is not a basis for continuing the trial. Given the extreme hardship that would be placed on AMSEA and its ability to present a defense in this case, if Mr. Howard chooses to stay with his sister, then he will be defaulting on his obligation to be in court for the trial.

Accordingly, Defendant requests that Plaintiff's Motion be denied.

Respectfully submitted,

**AMERICAN OVERSEAS MARIN CORPORATION**
By its attorneys,

/s/ Scott C. Merrill
James W. Bucking, BBO #558800
Scott C. Merrill, BBO #631008
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: January 8, 2006