UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

LAWRENCE HOWARD, JR.,

               Plaintiff,          CIVIL ACTION NO. 04-11169 (REK)

            v.

AMERICAN OVERSEAS MARINE
CORPORATION,

               Defendant.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**DEFENDANT'S MOTION TO DISMISS AND FOR SANCTIONS**

Defendant American Overseas Marine Corporation ("AMSEA") hereby moves, pursuant to Fed. R. Civ. P. 41(b), for the dismissal of this action based upon the plaintiff's unexcused failure to appear for trial. Defendant also respectfully requests that the Court order the plaintiff to reimburse the defendant for its costs and attorney's fees incurred as a result of plaintiff's default. As grounds therefor, defendant states as follows:

1. The trial date in this action was January 9, 2006, a date that was set by the Court on November 4, 2004, fourteen (14) months ago.

2. The defendant appeared in court on January 9, with its witnesses and exhibits and otherwise prepared to try the case.

3. The plaintiff did not appear in court on January 9. The plaintiff, through his then-counsel, filed a last-minute motion to continue the trial, which motion the Court denied for lack of evidence. The Court also denied plaintiff's request to be provided with additional time to furnish such evidence. Because of the plaintiff's failure to appear for trial, no jury was empanelled, no opening statements were made and no evidence was taken.

4. Defendant incurred substantial costs preparing for and appearing for trial on January 9. Two witnesses flew into Boston from Florida and were in the courtroom on January 9. Another witness was flying into Boston on January 9 from the state of Washington, and was at the Denver, Colorado airport when he learned of plaintiff's default. Several other witnesses and representatives of the defendant had made arrangements to come into Boston from out of state, which plans were aborted and/or canceled at the last minute. Defendant and its counsel devoted substantial time and resources to final trial preparation, including over the weekend of January 7-8, and including several trial depositions taken the week of January 2 to be presented to the jury in lieu of live testimony because of the witnesses' unavailability the week of January 9.

5. Due to the nature of defendant's merchant marine business, attempting to reschedule the trial would impose significant logistical and financial burdens on the defendant and its witnesses, and would prejudice defendant's ability to present its defense in this action. Most of defendant's witnesses work on ships and are out to sea for months at a time. Its witnesses work on different ships at different times and are scattered throughout the world. At significant expense and logistical difficulty, AMSEA had been able to secure witnesses to testify the week of January 9, in large part based upon the lengthy advance notice of the trial date. Hereafter, the witnesses will be back out to sea in various locations throughout the world. It will be difficult and expensive to coordinate another time when all of its key witnesses can be assembled together for trial. It would be a grave injustice for AMSEA to have to present its defense without witnesses it believes are necessary.

6. Fed. R. Civ. P. 41(b) provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an

action or any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication on the merits." Courts have often held that failure to attend trial or failure to be prepared for trial on the date the trial begins warrants dismissal. See, e.g., Moffitt v. Ill. St. Bd. of Educ., 236 F.3d 868 (7th Cir. 2001) (stating that it is reasonable to treat serious failures to prosecute, such as the failure to attend trial, more harshly under 41(b) than failures to comply with discovery orders in a timely fashion); Umekwe v. Baptist Allied Health, 36 Fed. Appx. 223 (8th Cir. 2002); Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359 (6th Cir. 1999). In Wojton v. Marks, 344 F.2d 222 (7th Cir. 1965), the parties were notified that trial had been set for March 2, 1964. On March 2, plaintiff's counsel filed a motion for continuance. Plaintiff was not present, purportedly because he was in the hospital, but the defendants were present. Plaintiff's counsel announced that he was not ready for trial. Conversely, defendants said they were ready. The judge then dismissed the case for lack of prosecution under Fed. R. Civ. P. 41(b). Plaintiff then filed a motion under Fed. R. Civ. P. 60(b), which the court denied because "plaintiff was fully aware of the steps being taken by the trial court after receiving notice of the trial date and being advised by his counsel. There was no showing of 'mistake, inadvertence, surprise, or excusable neglect.'" Id. at 224. The Seventh Circuit affirmed.

Similarly, in Jameson v. Du Comb, 275 F.2d 293 (7th Cir. 1960), the Seventh Circuit affirmed dismissal for want of prosecution where the trial was set for September 8, 1959, plaintiff was not present in court on September 8th, and plaintiff's counsel filed a motion for continuance on September 8th. The Court reasoned, "[t]he date for the trial was fixed many months in advance at a pretrial conference and it was not unreasonable to require

plaintiff, who started this litigation, to so arrange his affairs that he would be present upon September 8, 1959, at the time which the court had set aside for the trial of his case." Id. at 294. Again, in Brown v. Southern Farm Bureau Cas. Ins. Co., 36 F.R.D. 274 (E.D.S.C. 1964), trial was set for December 4, 1964. When the case was called, plaintiff's counsel, defendant's counsel, defendant, and defendant's out-of-state witnesses were all present, but plaintiff was not. The court allowed defendant's motion to dismiss for want of prosecution: "plaintiff was notified of the trial and was not there, and the Court can draw no conclusion from her actions but that she has no interest in the further prosecution of the case." Id. at 275.

WHEREFORE, the defendant requests that this case be dismissed, and that the Court order plaintiff to reimburse the defendant for such costs and attorney's fees as the Court deems just and proper.

Respectfully submitted,

AMERICAN OVERSEAS
MARINE CORPORATION
By its attorneys,

/s/Scott C. Merrill
James W. Bucking, BBO #558800
Scott C. Merrill, BBO #631008
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: January 20, 2006

**Local Rule 7.1(A)(2) Certification and Certificate of Service**

AMSEA has been unable to contact Lawrence Howard by phone to confer, as Mr. Howard's prior counsel, Paul Wood, did not provide AMSEA or the Court with Mr. Howard's contact numbers. However, AMSEA has served Mr. Howard, on January 20, 2006, with a copy of its Motion via first class mail to both addresses for Mr. Howard that Attorney Wood filed with the Court.

/s/Scott C. Merrill

Scott C. Merrill, Esq.